## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JANE DOE 1, JANE DOE 2,
and JANE DOE 3,

       **Plaintiffs,**

v.                                  **No. 23-cv-00362-GBW-JHR**

**EASTERN NEW MEXICO UNIVERSITY
BOARD OF REGENTS, GLEN DE LOS
REYES, MEGHAN DE LOS REYES,** *in
her individual capacity*, **PAUL WEIR,**
*in his individual capacity*, **and GLEN'S FITNESS
LAB, LLC,**

       **Defendants.**

## JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

       Pursuant to Rule 26(f), a telephonic meeting was held on July 21, 2023, at 12 p.m. and

was attended by:

| | |
|---|---|
| Kate Ferlic | Gerald A. Coppler |
| Ben Osborn | Coppler Law Firm, P.C. |
| Egolf+Ferlic+Martinez+Harwood, LLC | 645 Don Gaspar Ave. |
| 123 W. San Francisco Street, Second Floor | Santa Fe, NM 87505 |
| Santa Fe, NM 87501 | GCoppler@Coppler.com |
| (505) 986-9641 | |
| Brian@EgolfLaw.com | Daniel J. O'Brien |
| Kate@EgolfLaw.com | Jeffrey Mitchell |
| KMartinez@EgolfLaw.com | O'Brien & Padilla, P.C. |
| | 6000 Indian School Rd NE, Suite 200 |
| *Attorneys for Plaintiffs* | Albuquerque, NM 87110 |
| | 505-883-8181 |
| | dobrien@obrienlawoffice.com |
| | JMitchell@obrienlawoffice.com |
| | |
| | *Attorneys for Defendant Meghan De Los Reyes* |

Arlyn Crow
Amanda Nelson
Adams + Crow Law Firm
5051 Journal Center Blvd., N.E.
Suite 320
Albuquerque, NM 87109
505-582-2819
Arlyn@AdamsCrow.com
Amanda@AdamsCrow.com

*Attorneys for Defendants Glen De Los Reyes
and Glen's Fitness Lab LLC*

Jerry A. Walz
Alisha L. Walz
Walz and Associates, P.C.
133 Eubank NE
Albuquerque, NM 87123
505-275-1800
jerryawalz@walzandassociates.com
awalz@walzandassociates.com

*Attorneys for Defendant Eastern New
Mexico University Board of Regents*

Carlos M. Quiñones
Quiñones Law Firm LLC
1223 S. Saint Francis Dr., Ste. C
Santa Fe, NM 87505
505-992-1515
quinoneslaw@cybermesa.com

*Attorney for Defendant Paul Weir*

## NATURE OF THE CASE

Plaintiffs claim that they were sexually assaulted by Defendant Glen De Los Reyes while receiving physical therapy from him, and that Defendants Meghan De Los Reyes, Paul Weir, and Eastern New Mexico University were deliberately indifferent to such risk and/or retaliated against Plaintiffs for reporting. Plaintiffs allege claims arising under New Mexico law and Title IX, 20 U.S.C. § 1681. Plaintiffs seek compensatory and punitive damages. Defendants deny Plaintiffs' claims of liability and for damages.

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Plaintiff intends to file:        None at this time

Plaintiffs should be allowed until October 24, 2023, to move to amend the pleadings and until October 31, 2023, to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

Defendants intend to file:        None at this time.

2

Defendants(s) should be allowed until November 7, 2023 to move to amend the pleadings and until November 15, 2023 to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

## STIPULATIONS

The parties hereto stipulate and agree that venue is properly laid in this District; that the United States District Court for the District of New Mexico has jurisdiction over the parties and the subject matter.

The parties are willing to further stipulate to the following facts:

- Eastern New Mexico University is a public university operating in Portales, New Mexico.

- Plaintiffs attended Eastern New Mexico University for the 2022-2023 school year and played for Eastern New Mexico University's Women's Basketball Team.

- Defendant Meghan De Los Reyes held the position of Head Coach for Eastern New Mexico University's Women's Basketball Team from August 2, 2021 until April 2023.

- Defendant Paul Weir was Eastern New Mexico University's Athletics Director since at least January 1, 2021.

The parties are unable to stipulate to any additional facts at this stage of the litigation other than the facts which were admitted in Defendants' Answers to Plaintiff's First Amended Complaint.

The parties further stipulate and agree that the law governing this case is:

The New Mexico Tort Claims Act, N.M. Stat. Ann. §§ 41-4-1 to -14; The New Mexico Civil Rights Act, N.M. Stat. Ann. § 41-4A-3; The New Mexico Human Rights Act, N.M. Stat. Ann. § 28-1-7; New Mexico common law; and Title IX, 20 U.S.C. § 1681; and Title IX, 20 U.S.C. § 1681; and N.M. Stat. Ann. § 30-12-1 *et seq*.

## PLAINTIFFS' CONTENTIONS

Plaintiffs contend that, as players on Eastern New Mexico University's Women's Basketball Team, Defendant Meghan De Los Reyes coerced them to see her husband, Defendant

Glen De Los Reyes, for massage and physical therapy treatments beginning in August 2022 and continuing through October 2022. As Head Coach, Mrs. De Los Reyes held immense sway over Plaintiffs, who all sought to use their basketball skills to achieve an education and further their careers, including in professional basketball. Mrs. De Los Reyes retaliated against players who declined to see Mr. De Los Reyes or skipped sessions with him, docking their playing time, isolating them for punishments, ignoring them, and casting them as outsiders from the team. Mrs. De Los Reyes also told Plaintiffs and their teammates that they should not reveal to anyone outside the team that Mr. De Los Reyes was treating them and to lie if necessary. Plaintiffs allege that Mr. De Los Reyes sexually assaulted them during these treatments in August, September, and October 2022. Plaintiffs allege that Mrs. De Los Reyes continued pressuring them to see Mr. De Los Reyes despite knowledge that he was abusing them, and on at least one occasion concocted a ruse to force Plaintiffs to get treatment from Mr. De Los Reyes after Plaintiffs had expressly refused to be left alone with him.

Plaintiffs further allege that Defendants Eastern New Mexico University Board of Regents, by and through its employees and agents, and Defendant Paul Weir, were aware as early as Spring 2021 that Mr. De Los Reyes had been accused of improper touching, contact, and abuse of student athletes during his treatments, but that Eastern New Mexico University and Mr. Weir took no action to protect students from Mr. De Los Reyes' misconduct. Eastern New Mexico University's athletic trainers could identify which student-athletes had seen Mr. De Los Reyes based on the bruising on the student-athletes' inner thighs. Throughout Fall 2022, athletic trainers would report their observations of Mr. De Los Reyes' misconduct to Mr. Weir and other Eastern New Mexico University Athletics officials, who declined to take any action until Spring 2023. Plaintiffs further allege that Mrs. De Los Reyes, Paul Weir, and other Eastern New Mexico University employees retaliated against and harassed Plaintiffs, initially for refusing to see Mr.

De Los Reyes for further treatments following his misconduct, and then for reporting Mr. De Los Reyes' misconduct.

As a result of Mr. De Los Reyes' abuse, Mrs. De Los Reyes' retaliation and harassment, and Eastern New Mexico University's deliberate indifference to known abuse, retaliation, and harassment, Plaintiffs were forced to transfer from ENMU and effectively miss an entire season's eligibility under the NCAA's four-season limit. Plaintiffs allege violations of the New Mexico Constitution, pursuant to the New Mexico Civil Rights Act; the New Mexico Human Rights Act; negligent maintenance of a building or facility under the New Mexico Tort Claims Act; battery and assault; violations of their right to privacy under New Mexico law; and violations of their rights under Title IX.

As stated more fully in Plaintiffs' First Amended Complaint and Motion for Leave to File Under Temporary Seal, Plaintiffs—all young women and victims of sexual assault and abuse— fear that revealing their names in public court filings will cause significant harm to their reputation and privacy interest. Plaintiffs contend that victims of sexual abuse and harassment have privacy interests that outweigh the comparatively small burden on the public's common-law interest in open judicial proceedings, and Plaintiffs accordingly seek leave to proceed under pseudonyms and to file an unredacted complaint under seal to apprise all Defendants of their identities.

## **DEFENDANTS' CONTENTIONS**

### **Defendant Eastern New Mexico University Board of Regents:**

Defendant Eastern New Mexico Board of Regents (Defendant ENMU BOR) generally denies the allegations of Plaintiffs' Complaint except where specifically admitted.  Defendant ENMU BOR had in place and had implemented adequate policies and procedures to prevent and/or address the allegations made by Plaintiffs.  At all times ENMU BOR complied with state

and federal law and placed student safety as a priority concern.  All allegations brought forth by Plaintiffs were appropriately investigated and corrective actions, as necessary, were taken. ENMU BOR acted promptly and in full conformity with all state and federal laws at all times regarding Plaintiffs' allegations.

**Defendant Meghan De Los Reyes:**

Defendant Meghan De Los Reyes denies that any player was sexually assaulted or abused by Glen De Los Reyes. She further denies the allegations that she coerced players to see her husband for treatment, that she retaliated against any players, that treatments by her husband were mandatory, that she directed players to lie about receiving treatments, or that she knew that players were being abused by her husband.   She further denies that she and her husband "secretly filmed" the treatment sessions. She also denies that any players were forced to transfer from Eastern New Mexico University.  This defendant incorporates the denials and affirmative defenses set forth in her answer to the First Amended Complaint.  Finally, with respect to the request to proceed by pseudonym, that request is properly addressed by motion practice, not by inclusion in an amended complaint.  To date, Plaintiffs refuse to reveal the names of the Jane Doe Plaintiffs to counsel for the defendants.

**Defendant Glen De Los Reyes and Glen's Fitness Lab LLC's Contentions**

Mr. de los Reyes is a biomechanics specialist who helps athletes achieve their full athletic potential. Mr. de los Reyes volunteered his services to athletes on the Eastern New Mexico University ("ENMU") women's basketball team ("ENMU Basketball Athletes") who sought his expertise. At no time did Mr. de los Reyes demand payment for services, expect, require, force or coerce any ENMU Basketball Athletes to accept his voluntary services, or inappropriately touch or make contact with ENMU Basketball Athletes during any session.  Specifically, Mr. de los Reyes expressly denies Plaintiffs' allegations that he, assaulted or abused, sexually or

otherwise, Plaintiffs; that he provided massage or physical therapy treatments to Plaintiffs or any other ENMU student athletes; that Coach de los Reyes required any of the basketball team players to seek treatment from him; that Coach de los Reyes retaliated against the ENMU Basketball Athletes who refused treatment from him; that he secretly recorded Plaintiffs' treatments; or that he violated any laws entitling Plaintiffs to damages.  Defendant Glen de los Reyes incorporates his Answer to Plaintiffs' Amended Complaint and his affirmative and other defenses asserted therein into this Joint Status Report.

**Defendant Paul Weir's Contentions:**

Plaintiffs are former ENMU women's basketball players recruited by former women's basketball Coach Meghan de los Reyes.  Dr. Weir called a meeting on November 2, 2022 on the topic of "athletic training support for women's basketball program & outside personnel."  He invited Coach Meghan de los Reyes, Glen de los Reyes, team physician Dr. Joel Sievers, and the team trainers, all of whom attended.  At this meeting, Dr. Sievers asked Glen to describe his treatment techniques.  Glen provided a detailed description of his work routines, which Dr. Sievers found reasonable.  The three athletic trainers present all made favorable comments about Glen and how they would like to "work with him."  After Dr. Weir asked for input at the meeting's conclusion, no one voiced any concerns.

After the meeting, Dr. Weir followed up with Glen by email dated November 6, 2022, requesting from Glen (1) the waiver of liability forms Glen had represented as obtaining from ENMU student athletes prior to treatment and (2) any of Glen's licensures and insurance coverage.  Glen responded to Dr. Weir by email dated November 17, 2022, by respectfully declining a formal relationship with ENMU because he was "too busy" with his own clients.  He further informed that he had every ENMU athlete that he treated sign a waiver/release of liability form before each session, and that he had not worked with any athlete who did not complete the

form.  Glen also stated that the ENMU athletes he treated had sought him out based upon recommendations from others by word of mouth.  Dr. Weir informed Glen in the email that he was not permitted to see or treat any athletes following the November 2, 2022, meeting.

After being informed that women's basketball athletes were not showing up for their interview appointments with HR in January 2023, Dr. Weir called a team meeting in the locker room without Coach Meghan present.  Dr. Weir brought compliance coordinator Andrea Lott to the meeting and asked the entire team to come forward and share their stories.  Dr. Weir said the players could come anytime to meet with him at his office.  Dr. Weir followed up with text messages to the entire team (players, coaches, staff) and gave them specific times to come to his office and sit with the HR investigators.

While the HR investigation was ongoing, Dr. Weir was informed that some student-athletes reported inappropriate contact.  Dr. Weir texted each athlete to visit with Dr. Weir at his office.  Dr. Weir engaged in text messages between him and the three Plaintiffs dated February 3-14, 2023.  During these meetings, Dr. Weir asked each player if she was comfortable being on the team and if they felt safe.  No player reported feeling unsafe or expressed any issues with remaining on the team.  The players used the terms "awkward" and "uncomfortable" because an investigation was occurring, but none mentioned concerns about personal welfare or safety.  Dr. Weir expressed each should contact him immediately if anything changed, but he never heard from Plaintiffs again.

Defendant Weir denies Plaintiffs' allegations and all legal claims directed at him. Defendant Weir fully incorporates and adopts by reference herein his Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint filed June 23, 2023 (Doc. # 20).

## PROVISIONAL DISCOVERY PLAN

The parties jointly propose to the Court the following discovery plan:

List all witnesses who, at this time, you think will either testify or be deposed, giving their name, title, address and a brief summary of their testimony.  It is insufficient to list witnesses' addresses, save for clients, "in care of counsel."

List all documents which you believe, at this time, will be exhibits at the trial.

List all experts who you believe, at this time, will testify at the trial, giving their name, address, area of expertise, and a brief summary of the anticipated testimony.

**<u>Plaintiffs' Witnesses:</u>**

Plaintiff Jane Doe 1
c/o Egolf + Ferlic + Martinez + Harwood, LLC
123 W. San Francisco St., 2nd Floor
Santa Fe, NM 87501

> Jane Doe 1 has knowledge of the incidents giving rise to the complaint, each Defendant's culpability, and the nature and extent of her injuries.

Plaintiff Jane Doe 2
c/o Egolf + Ferlic + Martinez + Harwood, LLC
123 W. San Francisco St., 2nd Floor
Santa Fe, NM 87501

> Jane Doe 2 has knowledge of the incidents giving rise to the complaint, each Defendant's culpability, and the nature and extent of her injuries.

Plaintiff Jane Doe 3
c/o Egolf + Ferlic + Martinez + Harwood, LLC
123 W. San Francisco St., 2nd Floor
Santa Fe, NM 87501

> Jane Doe 3 has knowledge of the incidents giving rise to the complaint, each Defendant's culpability, and the nature and extent of her injuries.

Dr. Joel Sievers
304 S Main Ave
Portales, NM 88130

> Dr. Sievers has knowledge of Plaintiffs' injuries and Eastern New Mexico University's awareness of the allegations against Glen De Los Reyes, and the steps the University took to address those allegations.

Meghan De Los Reyes
c/o Coppler Law Firm, P.C.
645 Don Gaspar Ave.
Santa Fe, NM 87505

O'Brien & Padilla, P.C.
6000 Indian School Rd NE, Suite 200
Albuquerque, NM 87110

> Mrs. De Los Reyes has knowledge of Plaintiffs' injuries, Glen De Los Reyes' conduct, Paul Weir's response to allegations against Mr. De Los Reyes, and the University's response to those allegations.

Glen De Los Reyes
c/o Adams + Crow Law Firm
5051 Journal Center Blvd., N.E.
Suite 320
Albuquerque, NM 87109

> Mr. De Los Reyes has knowledge of Plaintiffs' injuries, the extent to which he treated Eastern New Mexico University student-athletes, the University's knowledge that he was treating student-athletes and that allegations of misconduct had been made against him, and of the University's investigation into Plaintiffs' allegations in Spring 2023. .

Paul Weir
c/o Quiñones Law Firm
1532 B Paseo de Peralta
Santa Fe, NM 87505

> Mr. Weir has knowledge of Plaintiffs' injuries, the University's hiring and subsequent termination of Mrs. De Los Reyes, the University's knowledge that Mr. De Los Reyes was treating student-athletes and of allegations of misconduct against Mr. De Los Reyes, and the University's investigation into those allegations.

Charles Kenward
Address unknown
ckenward@lynn.edu

> Mr. Kenward was a physical trainer at Eastern New Mexico University and has knowledge of Plaintiffs' injuries, the dates of their reporting, and of the University's knowledge of and response to allegations about Mr. De Los Reyes

Benito Gonzales
Address unknown
benito.gonzales@enmu.edu

Mr. Gonzales is the Human Resources Director at Eastern New Mexico University who led the University's investigation in Plaintiffs' allegations in Spring 2023. He has knowledge of Plaintiffs' injuries and the University's response to Plaintiffs' and others' allegations against Mr. De Los Reyes

Danielle Torossi
Address unknown
danielle.torossi@enmu.edu

Ms. Torossi is a physical trainer at Eastern New Mexico University and has knowledge of Plaintiffs' injuries, the University's knowledge of Mr. De Los Reyes' treatment of student-athletes, and allegations of misconduct against Mr. De Los Reyes.

Iris Madrid
Address unknown

Ms. Madrid was a physical trainer at Eastern New Mexico University and has knowledge of Plaintiffs' injuries, the University's knowledge of Mr. De Los Reyes' treatment of student-athletes, and allegations of misconduct against Mr. De Los Reyes.

Any other witnesses identified in the course of discovery.
Any other witness necessary to lay foundation for the admissibility of evidence.
Any rebuttal witness as necessary.
Any witness identified in any party's initial disclosures.

**Defendant Eastern New Mexico University Board of Regents' Witnesses:**

James Johnston, ENMU President
c/o Walz and Associates, P.C.
Jerry A. Walz
Alisha L. Walz
133 Eubank Blvd. NE
Albuquerque, NM 87123
(505) 275-1800

President Johnston may testify as to the policies and procedures of Eastern New Mexico University.

Benito Gonzales, ENMU HR Executive Director
c/o Walz and Associates, P.C.
Jerry A. Walz
Alisha L. Walz
133 Eubank Blvd. NE
Albuquerque, NM 87123
(505) 275-1800

Mr. Gonzales may offer testimony as to the policies and procedures of Eastern New Mexico University as well as the investigation into Plaintiffs' allegations.

Plaintiff Jane Doe 1
c/o Egolf + Ferlic + Martinez + Harwood, LLC
123 W. San Francisco St., 2nd Floor
Santa Fe, NM 87501

Jane Doe 1 is a Plaintiff in this matter and it is anticipated that Jane Doe 1 will be called to
testify as to the facts and circumstances surrounding the allegations raised in this lawsuit and any
other issues or defenses raised in this case.

Plaintiff Jane Doe 2
c/o Egolf + Ferlic + Martinez + Harwood, LLC
123 W. San Francisco St., 2nd Floor
Santa Fe, NM 87501

Jane Doe 2 is a Plaintiff in this matter and it is anticipated that Jane Doe 2 will be called to
testify as to the facts and circumstances surrounding the allegations raised in this lawsuit and any
other issues or defenses raised in this case.

Plaintiff Jane Doe 3
c/o Egolf + Ferlic + Martinez + Harwood, LLC
123 W. San Francisco St., 2nd Floor
Santa Fe, NM 87501

Jane Doe 3 is a Plaintiff in this matter and it is anticipated that Jane Doe 3 will be called to
testify as to the facts and circumstances surrounding the allegations raised in this lawsuit and any
other issues or defenses raised in this case.

Meghan de los Reyes
c/o Coppler Law Firm, P.C.
645 Don Gaspar Ave.
Santa Fe, NM 87505

O'Brien & Padilla, P.C.
6000 Indian School Rd NE, Suite 200
Albuquerque, NM 87110

Mrs. de los Reyes is a defendant in this matter and it is anticipated that Mrs. de los Reyes will be
called to testify as to the facts and circumstances surrounding the allegations raised in this
lawsuit and any other issues or defenses raised in this case.

Glen de los Reyes
c/o Adams + Crow Law Firm
5051 Journal Center Blvd., N.E.
Suite 320
Albuquerque, NM 87109

Mr. de los Reyes is a defendant in this matter and it is anticipated that Mr. de los Reyes will be called to testify as to the facts and circumstances surrounding the allegations raised in this lawsuit and any other issues or defenses raised in this case.

Paul Weir
c/o Quiñones Law Firm
1532 B Paseo de Peralta
Santa Fe, NM 87505

Mr. Weir is a defendant in this matter and it is anticipated that Mr. Weir will be called to testify as to the facts and circumstances surrounding the allegations raised in this lawsuit and any other issues or defenses raised in this case.

Charles Kenward
Address to be supplemented as he has relocated from the Portales area

Mr. Kenward was a physical trainer at ENMU and it is anticipated that Mr. Kenward will be called to testify as to the facts and circumstances surrounding the allegations raised in this lawsuit and any other issues or defenses raised in this case.

Danielle Torossi
Address unknown
danielle.torossi@enmu.edu

Ms. Torossi is a physical trainer at ENMU and it is anticipated that Ms. Torossi will be called to testify as to the facts and circumstances surrounding the allegations raised in this lawsuit and any other issues or defenses raised in this case.

Iris Madrid
Address to be supplemented as she has relocated from the Portales area

Ms. Madrid was a physical trainer at ENMU and it is anticipated that Ms. Madrid will be called to testify as to the facts and circumstances surrounding the allegations raised in this lawsuit and any other issues or defenses raised in this case.

Dr. Joel Sievers
304 S Main Ave
Portales, NM 88130

Dr. Joel Sievers is a Team Physician for ENMU athletes and it is anticipated that Dr. Sievers may be called to testify as to the facts and circumstances surrounding the allegations raised in this lawsuit and any other issues or defenses raised in this case.

Elizabeth (Liz) Acosta
ENMU Assistant Athletic Director for Student Success
c/o Walz and Associates, P.C.
Jerry A. Walz

Alisha L. Walz
133 Eubank Blvd. NE
Albuquerque, NM 87123
(505) 275-1800

Ms. Acosta is expected to testify on subjects pertinent to this lawsuit of which she has knowledge.

Without waiving any objection as to admissibility of evidence or testimony, any witness identified by Plaintiff.

Any witness identified by any other party.

Any witness identified in any party's initial disclosures.

Any other witnesses identified in the course of discovery.

Any other witness necessary to lay foundation for the admissibility of evidence.

Rebuttal witnesses as necessary.

**<u>Defendant Meghan De Los Reyes' Witnesses:</u>**

Meghan de Los Reyes, c/o her counsel. Meghan was the head women's basketball coach at ENMU. She will testify concerning her knowledge of the events and false allegations giving rise to the First Amended Complaint. She denies that she has knowledge of any injury inflicted upon any Jane Doe Plaintiff by Glen De Los Reyes and disputes that any of them were ever sexually abused by Glen De Los Reyes.

Martin Pazanin, address unknown. Mr. Pazanin was an ENMU assistant women's basketball coach during relevant times alleged in the First Amended Complaint. He is expected to testify concerning his knowledge of the allegations in the First Amended Complaint.

Yaremi Mejia. Ms. Mejia was an ENMU assistant women's basketball coach during relevant times alleged in the First Amended Complaint. She is expected to testify concerning her knowledge of the allegations in the First Amended Complaint.

Glen De Los Reyes, c/o his counsel. Glen is expected to testify concerning his knowledge of the events and allegations giving rise to the Complaint.

Deja Adrian, address unknown. Ms. Adrian was a member of the women's basketball team in 2022-2023. She started almost every game. She was the leading scorer and third on the team in minutes played. She was the Lone Star Conference ("LSC") "Newcomer of the Year." She was never treated by Glen De Los Reyes.

Lazurea Saunders, address unknown. Ms. Saunders was a member of the women's basketball team in 2022-23. She started the majority of games and was fourth on the team in minutes played. She was never treated by Glen De Los Reyes.

Ashley Shipley, address unknown. Ms. Shipley was a member of the women's basketball team in 2022-23. She started almost every game and was third on the team in scoring. She was an LSC all-conference player. She was never treated by Glen De Los Reyes.

Laura Rowe, address unknown. Ms. Rowe was a member of the women's basketball team in 2022-23. She was never treated by Glen De Los Reyes.

Kiki Roberts, address unknown. Ms. Roberts was a member of the women's basketball team in 2022-23. She was treated by Glen De Los Reyes on numerous occasions. It is expected that she will testify that she was neither sexually abused nor mistreated during any treatment session. It is expected that she will further testify that coach De Los Reyes did not require her or any team members to seek and receive treatment from Glen De Los Reyes as a condition of participation on the team or for playing time.

Bella Stone, address unknown. Ms. Stone was a member of the women's basketball team in 2022-23. She was treated by Glen De Los Reyes on numerous occasions. It is expected that she will testify that she was neither sexually abused nor mistreated during any treatment session. It is expected that she will further testify that coach De Los Reyes did not require her or any team members to seek and receive treatment from Glen De Los Reyes as a condition of participation on the team or for playing time.

Julia Chavez, address unknown. Ms. Chavez was a member of the women's basketball team in 2022-23. She was treated by Glen De Los Reyes on numerous occasions. It is expected that she will testify that she was neither sexually abused nor mistreated during any treatment session. It is expected that she will further testify that coach De Los Reyes did not require her or any team members to seek and receive treatment from Glen De Los Reyes as a condition of participation on the team or for playing time.

Julieta Ceja, address unknown. Ms. Ceja was a member of the women's basketball team in 2022-23. She was treated by Glen De Los Reyes on numerous occasions. It is expected that she will testify that she was neither sexually abused nor mistreated during any treatment session. It is expected that she will further testify that coach De Los Reyes did not require her or any team members to seek and receive treatment from Glen De Los Reyes as a condition of participation on the team or for playing time.

Iyanna McCurdy, address unknown. Ms. McCurdy was a member of the women's basketball team in 2021-22. She was treated by Glen De Los Reyes on numerous occasions. It is expected that she will testify that she was neither sexually abused nor mistreated during any treatment session. It is expected that she will further testify that coach De Los Reyes did not require her or any team members to seek and receive treatment from Glen De Los Reyes as a condition of participation on the team or for playing time.

Natalie Stice, address unknown. Ms. Stice was a member of the women's basketball team in 2021-2022. She was treated by Glen De Los Reyes on numerous occasions. It is expected that she will testify that she was neither sexually abused nor mistreated during any treatment session. It is expected that she will further testify that coach De Los Reyes did not require her or any team members to seek and receive treatment from Glen De Los Reyes as a condition of participation on the team or for playing time.

Adrianna Puni, address unknown. Ms. Puni was a member of the women's volleyball team in spring 2022. She was treated by Glen De Los Reyes on numerous occasions. It is expected that she will testify that she was neither sexually abused nor mistreated during any treatment session.

Breanna "Bree" Loyola, address unknown. Ms. Loyola was a member of the women's softball team in spring 2022. She was treated by Glen De Los Reyes on numerous occasions. It is expected that she will testify that she was neither sexually abused nor mistreated during any treatment session.

Mackensie "Mac" Shaw, address unknown. Ms. Shaw was a member of the women's softball team in spring 2022. She was treated by Glen De Los Reyes on numerous occasions. It is expected that she will testify that she was neither sexually abused nor mistreated during any treatment session.

Isaac "Izzo" Maldonado, address unknown. Mr. Maldonado was a member of the men's basketball team in 2021-2022. He was treated by Glen De Los Reyes on numerous occasions. It is expected that he will testify that he was neither sexually abused nor mistreated during any treatment session.

Adam Hess, address unknown. Mr. Hess was a member of the men's basketball team in 2021-2022. He was treated by Glen De Los Reyes in the presence of the Men's basketball team and athletic trainer Dani Torossi who observed the treatment and appeared to be upset. It is expected that he will testify that he was neither sexually abused nor mistreated during any treatment session.

Junior Hodnett, address unknown. Mr. Hodnett was a member of the men's basketball team in 2021-2022. He was treated by Glen De Los Reyes on numerous occasions. It is expected that he will testify that he was neither sexually abused nor mistreated during any treatment session.

Eze Dike, address unknown. Mr. Dike was a member of the men's basketball team in 2021-2022. He was treated by Glen De Los Reyes on numerous occasions. It is expected that he will testify that he was neither sexually abused nor mistreated during any treatment session.

Rose Robbins, address unknown. Ms. Robbins was the President of the Greyhound Club and a member of the "Basketball Moms" group whose members served as local mentors to ENMU women's basketball players. She is expected to testify concerning her knowledge of her interactions with women's basketball players and Glen De Los Reyes and her own treatment sessions with him.

Megan Hamilton, address unknown.  Ms. Hamilton was co-President of the "Basketball Moms" group and is expected to testify concerning her knowledge of her interactions with women's basketball players and Glen De Los Reyes and her own treatment sessions with him.

Beverly Bennett, address unknown. Ms. Bennett was a member of the "Basketball Moms" group and is expected to testify concerning her knowledge of her interactions with player Marley Freeman.

Brett Owen, c/o ENMU University.  Mr. Owen was the ENMU Men's Basketball coach.  He asked Glen De Los Reyes to treat his players and Mr. Owen's wife received treatment from Glen as well.

Amanda Fefel, c/o ENMU University.  Ms. Fefel was the ENMU Softball coach.  She and her partner received treatments from Glen De Los Reyes.

Sheila Roberts, address unknown.  Ms. Roberts is ENMU women's basketball team member Kiki Roberts' mother.  She is expected to testify concerning her knowledge of treatments her daughter received from Glen De Los Reyes.

Any other witnesses identified by any other party herein, in initial disclosures or during the course of discovery.

**<u>Defendant Glen De Los Reyes and Glen's Fitness Lab LLC's Witnesses:</u>**

Plaintiff Jane Doe 1
c/o Egolf + Ferlic + Martinez + Harwood, LLC
123 W. San Francisco St., 2nd Floor
Santa Fe, NM 87501

Jane Doe 1 is a Plaintiff in this matter and it is anticipated that Jane Doe 1 will be called to testify as to the facts and circumstances surrounding the allegations raised in this lawsuit and any other issues or defenses raised in this case.

Plaintiff Jane Doe 2
c/o Egolf + Ferlic + Martinez + Harwood, LLC
123 W. San Francisco St., 2nd Floor
Santa Fe, NM 87501

Jane Doe 2 is a Plaintiff in this matter and it is anticipated that Jane Doe 2 will be called to testify as to the facts and circumstances surrounding the allegations raised in this lawsuit and any other issues or defenses raised in this case.

Plaintiff Jane Doe 3
c/o Egolf + Ferlic + Martinez + Harwood, LLC
123 W. San Francisco St., 2nd Floor
Santa Fe, NM 87501

Jane Doe 3 is a Plaintiff in this matter and it is anticipated that Jane Doe 3 will be called to testify as to the facts and circumstances surrounding the allegations raised in this lawsuit and any other issues or defenses raised in this case.

Dr. Joel Sievers
304 S Main Ave
Portales, NM 88130

Dr. Joel Sievers is a Team Physician for ENMU athletes and it is anticipated that Dr. Sievers may be called to testify as to the facts and circumstances surrounding the allegations raised in this lawsuit and any other issues or defenses raised in this case.

Meghan de los Reyes
c/o Coppler Law Firm, P.C.
645 Don Gaspar Ave.
Santa Fe, NM 87505

O'Brien & Padilla, P.C.
6000 Indian School Rd NE, Suite 200
Albuquerque, NM 87110

Mrs. De Los Reyes is a defendant in this matter and it is anticipated that Mrs. de los Reyes will be called to testify as to the facts and circumstances surrounding the allegations raised in this lawsuit and any other issues or defenses raised in this case.

Glen de los Reyes
c/o Adams + Crow Law Firm
5051 Journal Center Blvd., N.E.
Suite 320
Albuquerque, NM 87109

Mr. de los Reyes is a defendant in this matter and it is anticipated that Mr. de los Reyes will be called to testify as to the facts and circumstances surrounding the allegations raised in this lawsuit and any other issues or defenses raised in this case.

Paul Weir
c/o Quiñones Law Firm
1532 B Paseo de Peralta
Santa Fe, NM 87505

Mr. Weir is a defendant in this matter and it is anticipated that Mr. Weir will be called to testify as to the facts and circumstances surrounding the allegations raised in this lawsuit and any other issues or defenses raised in this case.

Charles Kenward
Address unknown

Mr. Kenward was a physical trainer at ENMU and it is anticipated that Mr. Kenward will be called to testify as to the facts and circumstances surrounding the allegations raised in this lawsuit and any other issues or defenses raised in this case.

Benito Gonzales
Address unknown
benito.gonzales@enmu.edu

Mr. Gonzales is the Human Resources Director at ENMU and it is anticipated that Mr. Gonzales will be called to testify as to the facts and circumstances surrounding the allegations raised in this lawsuit and any other issues or defenses raised in this case.

Danielle Torossi
Address unknown
danielle.torossi@enmu.edu

Ms. Torossi is a physical trainer at ENMU and it is anticipated that Ms. Torossi will be called to testify as to the facts and circumstances surrounding the allegations raised in this lawsuit and any other issues or defenses raised in this case.

Iris Madrid
Address unknown

Ms. Madrid was a physical trainer at ENMU and it is anticipated that Ms. Madrid will be called to testify as to the facts and circumstances surrounding the allegations raised in this lawsuit and any other issues or defenses raised in this case.

Ashley Shipley
Address unknown

Ms. Shipley was a 2022-2023 ENMU Basketball Athlete and it is anticipated that Ms. Shipley will be called to testify as to the facts and circumstances surrounding the allegations raised in this lawsuit and any other issues or defenses raised in this case.

Julieta Ceja
Address unknown

Ms. Ceja was a 2022-2023 ENMU Basketball Athlete and it is anticipated that Ms. Ceja will be called to testify as to the facts and circumstances surrounding the allegations raised in this lawsuit and any other issues or defenses raised in this case.

Stacy Ajobiewe
Address unknown

Ms. Ajobiewe was a 2022-2023 ENMU Basketball Athlete and it is anticipated that Ms. Ajoniewe will be called to testify as to the facts and circumstances surrounding the allegations raised in this lawsuit and any other issues or defenses raised in this case.

Deja Adrian
Address unknown

Ms. Adrian was a 2022-2023 ENMU Basketball Athlete and it is anticipated that Ms. Adrian will be called to testify as to the facts and circumstances surrounding the allegations raised in this lawsuit and any other issues or defenses raised in this case.

Julia Chavez
Address unknown

Ms. Chavez was a 2022-2023 ENMU Basketball Athlete and it is anticipated that Ms. Chavez will be called to testify as to the facts and circumstances surrounding the allegations raised in this lawsuit and any other issues or defenses raised in this case.

Bella Stone
Address unknown

Ms. Stone was a 2022-2023 ENMU Basketball Athlete and it is anticipated that Ms. Stone will be called to testify as to the facts and circumstances surrounding the allegations raised in this lawsuit and any other issues or defenses raised in this case.

Alexandria Sarinana
Address unknown

Ms. Sarinana was a 2022-2023 ENMU Basketball Athlete and it is anticipated that Ms. Sarinana will be called to testify as to the facts and circumstances surrounding the allegations raised in this lawsuit and any other issues or defenses raised in this case.

Kiki Roberts
Address unknown

Ms. Roberts was a 2022-2023 ENMU Basketball Athlete and it is anticipated that Ms. Roberts will be called to testify as to the facts and circumstances surrounding the allegations raised in this lawsuit and any other issues or defenses raised in this case.

Alexsis Johnson
Address unknown

Ms. Johnson was a 2022-2023 ENMU Basketball Athlete and it is anticipated that Ms. Johnson will be called to testify as to the facts and circumstances surrounding the allegations raised in this lawsuit and any other issues or defenses raised in this case.

Lazurea Saunders
Address unknown

Ms. Saunders was a 2022-2023 ENMU Basketball Athlete and it is anticipated that Ms. Saunders
will be called to testify as to the facts and circumstances surrounding the allegations raised in this
lawsuit and any other issues or defenses raised in this case.

Martin Pazanin
Address unknown

Mr. Pazanin was the Assistant Women's Basketball Coach and it is anticipated that Mr. Pazanin
will be called to testify as to the facts and circumstances surrounding the allegations raised in this
lawsuit and any other issues or defenses raised in this case.

Edgar Chavira
Address unknown

Mr. Chavira was the Student Assistant Women's Basketball Coach and it is anticipated that Mr.
Chavira will be called to testify as to the facts and circumstances surrounding the allegations
raised in this lawsuit and any other issues or defenses raised in this case.

Yaremi Mejia
Address unknown

Ms. Mejia was the Graduate Assistant Women's Basketball Coach and it is anticipated that Ms.
Mejia will be called to testify as to the facts and circumstances surrounding the allegations raised
in this lawsuit and any other issues or defenses raised in this case.

Clay Lavigne
870-370-4608
Address unknown

Mr. Lavigne was a Strength Coach and it is anticipated that Mr. Lavigne will be called to testify
as to the facts and circumstances surrounding the allegations raised in this lawsuit and any other
issues or defenses raised in this case.

Any witnesses identified in the course of discovery.
Any witnesses necessary for authentication, rebuttal or impeachment.
Any witnesses listed by any party.
Any expert witness disclosed by any party.

**Defendant Paul Weir's Witnesses:**

1.  Dr. Paul Weir
    Director of Athletics
    Eastern New Mexico University
    1500 S Ave K

22

Portales, NM 88130
c/o Carlos M. Quiñones, Esq.
Quiñones Law Firm LLC
1223 S. Saint Francis Dr., Ste. C
Santa Fe, NM 87505
(505) 992-1515
quinoneslaw@cybermesa.com

Dr. Weir will testify regarding his employment with Eastern New Mexico University; his job duties; ENMU athletic policies and procedures; and his defenses to the allegations and legal claims contained in Plaintiffs' First Amended Complaint.  Dr. Weir is to be contacted through his legal counsel.

2.  Jane Doe # 1, Plaintiff
    Address unknown
    c/o Kate Ferlic, Esq.
    Brian Egolf, Esq.
    Kristina Martinez, Esq.
    Ben Osborn, Esq.
    Egolf + Ferlic + Martinez + Harwood LLC
    123 W. San Francisco Street, Second Floor
    Santa Fe, NM 87501
    (505) 986-9641
    *Attorneys for Plaintiffs*

Plaintiff Jane Doe # 1 is expected to testify regarding her claims of liability and for damages.

3.  Jane Doe # 2, Plaintiff
    Address unknown
    c/o Kate Ferlic, Esq.
    Brian Egolf, Esq.
    Kristina Martinez, Esq.
    Ben Osborn, Esq.
    Egolf + Ferlic + Martinez + Harwood LLC
    123 W. San Francisco Street, Second Floor
    Santa Fe, NM 87501
    (505) 986-9641
    *Attorneys for Plaintiffs*

Plaintiff Jane Doe # 2 is expected to testify regarding her claims of liability and for damages.

4.  Jane Doe # 3, Plaintiff
    Address unknown
    c/o Kate Ferlic, Esq.
    Brian Egolf, Esq.

Kristina Martinez, Esq.
Ben Osborn, Esq.
Egolf + Ferlic + Martinez + Harwood LLC
123 W. San Francisco Street, Second Floor
Santa Fe, NM 87501
(505) 986-9641
*Attorneys for Plaintiffs*

Plaintiff Jane Doe # 3 is expected to testify regarding her claims of liability and for damages.

5.  Meghan de los Reyes, Defendant
    Address unknown
    c/o Gerald A. Coppler, Esq.
    Joshua D. Howard, Esq.
    Coppler Law Firm, P.C.
    645 Don Caspar Ave.
    Santa Fe, NM 87505
    (505) 988-5656

    and

    Daniel O'Brien, Esq.
    O'Brien & Padilla, P.C.
    6000 Indian School Rd. NE, Suite 200
    Albuquerque, NM 87110-4179
    (505) 883-8181
    *Attorneys for Defendant Meghan de los Reyes*

Defendant Meghan de los Reyes is expected to testify regarding Plaintiffs' allegations contained in their First Amended Complaint and her defenses thereto.

6.  Glen de los Reyes, Defendant
    Address unknown
    c/o Arlyn G. Crow, Esq.
    Amanda K. Nelson, Esq.
    Adams + Crow Law Firm
    5051 Journal Center Blvd., Ste. 320
    Albuquerque, NM 87109
    (505) 582-2819

    And

    Charlotte A. Lamont, Esq.
    Kirk R. Allen, Esq.
    Miller Stratvert P.A.

P.O. Box 25687
Albuquerque, NM 87125-0687
(505) 842-1950
*Attorneys for Defendant Glen de los Reyes*

Defendant Glen de los Reyes is expected to testify regarding Plaintiffs' allegations contained in their First Amended Complaint and his defenses thereto.

7. Dr. Joel Sievers, M.D.
ENMU Team Physician
304 S. Main St.
Portales, NM 88130
c/o Jerry A. Walz, Esq.
Alisha Walz, Esq.
Walz & Associates
133 Eubank Blvd. NE
Albuquerque, NM 87123-2709
(505) 275-1800

Dr. Sievers is expected to testify regarding the meeting held November 2, 2022 and on other pertinent subjects of which he has knowledge.

8. Danielle (Dani) Torossi
ENMU Head Trainer
Eastern New Mexico University
1500 S Ave K
Portales, NM 88130
c/o Jerry A. Walz, Esq.
Alisha Walz, Esq.
Walz & Associates
133 Eubank Blvd. NE
Albuquerque, NM 87123-2709
(505) 275-1800

Ms. Torossi is expected to testify regarding the meeting held November 2, 2022 and on all other pertinent subjects of which she has knowledge.

9. Benito Gonzales
ENMU System Director of Human Resources
Eastern New Mexico University
1500 S Ave K
Portales, NM 88130
c/o Jerry A. Walz, Esq.
Alisha Walz, Esq.
Walz & Associates
133 Eubank Blvd. NE

Albuquerque, NM 87123-2709
(505) 275-1800

Mr. Gonzales is expected to testify regarding the investigation conducted regarding alleged unnecessary or inappropriate treatment practices by Glen de los Reyes and on all other pertinent subjects of which he has knowledge.

10. Andrea Lott
ENMU Compliance Coordinator
1500 S Ave K
Portales, NM 88130
c/o Jerry A. Walz, Esq.
Alisha Walz, Esq.
Walz & Associates
133 Eubank Blvd. NE
Albuquerque, NM 87123-2709
(505) 275-1800

Ms. Lott is expected to testify regarding the meeting held by Dr. Paul Weir with the women's basketball players in the locker room where Dr. Weir asked team members to come forward and share their stories.

11. Michael Molina
ENMU Associate Athletic Director for Internal Operations
1500 S Ave K
Portales, NM 88130
c/o Jerry A. Walz, Esq.
Alisha Walz, Esq.
Walz & Associates
133 Eubank Blvd. NE
Albuquerque, NM 87123-2709
(505) 275-1800

Mr. Molina is expected to testify on subjects pertinent to this lawsuit of which he has knowledge.

12. Elizabeth (Liz) Acosta
ENMU Assistant Athletic Director for Student Success
1500 S Ave K
Portales, NM 88130
c/o Jerry A. Walz, Esq.
Alisha Walz, Esq.
Walz & Associates
133 Eubank Blvd. NE
Albuquerque, NM 87123-2709
(505) 275-1800

Ms. Acosta is expected to testify on subjects pertinent to this lawsuit of which she has knowledge.

13. Other Eastern New Mexico University staff, administrators and other individuals who are unknown at this time.

14. Members or former members of the Eastern New Mexico University women's basketball team for the 2021-23 seasons.

15. Any and all factual witnesses identified by Plaintiffs and any other party.


**Plaintiffs' List of Documents that May be Used as Exhibits at Trial:**

- Eastern New Mexico University records including personnel files, emails, investigative reports, and records of student complaints
- Eastern New Mexico University's Title IX Policies
- Business and occupational licenses for Glen De Los Reyes
- Documents produced in discovery

**Defendant Eastern New Mexico University's List of Documents that May be Used as Exhibits at Trial:**
- ENMU Policy 70-2 Student Code of Conduct
- ENMU Policy 70-10 Student Complaints
- ENMU Policy 80-12 Title IX Policy
- ENMU Guide to Campus Living
- ENMU Resident Hall Contract and Inspection Form
- ENMU Resident Hall Terms and Conditions
- Syllabus for FYEX 1110: First Year Seminar
- ENMU Student Handbook
- ENMU Resolution Process and Procedures Manual for Alleged Violations of Title IX Policy
- ENMU Application for Undergraduate Admission
- ENMU West Campus Apartment Contract
- ENMU West Campus Apartment Contract Terms & Responsibilities
- ENMU Policy 20-2 Administrator and Staff Code of Conduct
- ENMU Policy 40-11 Employee Disciplinary Action and Termination
- ENMU Portales Faculty Handbook
- ENMU Annual Employee Responsibility Agreement
- ENMU Employee Acknowledgement and Agreement Form
- ENMU Staff Handbook
- ENMU Student-Athlete Handbook
- System Title IX Staff
- System Title IX Staff Certifications

- ATIXA Certifications
- Sample Title IX Investigation Report from TNG Strategic Risk Management Solutions
- Slides from Coordinator One Course: Title IX Coordinator and Administrator
- Slides from Investigator One Course: Training and Certification Course
- Slides from Title IX Hearing Officer and Decision-Maker Training & Certification Course
- Slides from Course: VAWA Reauthorization 2022: Implications for the Title IX Field
- Slides from Training and Certification Course: Title IX Coordinator for Healthcare Educators & Providers
- Slides from Training and Certification Course for 504/ADA Coordinator
- Template Hearing Outcome Final Determination Letter (Complainant)
- Template Hearing Outcome Final Determination Letter (Respondent)
- Template Response to Complaint that Does Not Come in Person
- Witness Interview Request Letter Template (Higher Education)
- Hearing Notification (Parties)
- ATIXA TIXKIT Investigation Report Templates
- Panel Hearing Script Template
- Template Form for Consent Sought for Informal Resolution
- Appeal Request Form
- Template Form for Notice of Dismissal and Referral to Process B
- Template Notice of Investigation & Allegation(s) (Respondent)
- Athletics Training Spreadsheet
- Athletics Title IX Presentation Slides
- Fall 2022 Athletics Title IX Presentation Survey
- Title IX Special Services Presentation Slides
- Athletics Title IX Presentation Slides with notes
- Title IX Awareness Training Slides
- Title IX Presentation Slides
- Title IX Alternative Training Acknowledgement
- ENMU Basketball Game Statistics
- ENMU Human Resources Investigative File
- Any exhibits identified by any party.
- Any exhibit identified in discovery.
- Any exhibit attached and/or utilized at any deposition.
- Any exhibit relied upon by any expert.
- Any exhibit needed for rebuttal.

**Defendant Meghan De Los Reyes' List of Documents that May be Used as Exhibits as Trial:**

- Electronic and written communications between Meghan De Los Reyes and ENMU Women's basketball players and players' parents, including the plaintiffs.
- Electronic communications between the Jane Doe Plaintiffs related to any matters arising from the lawsuit in this matter.
- Electronic communications between any ENMU women's basketball players related to any matters arising from the lawsuit in this matter.
- Copies of any video-recorded treatment sessions if said video-recordings exist. A subpoena for such materials has been issued by Meghan De Los Reyes to Vivint.
- Electronic and written communications between Meghan De Los Reyes and ENMU administration or staff members related to any matters arising from the lawsuit in this matter.
- Electronic and written communications between any athletic trainers identified in the First Amended Complaint related to any matters arising from the lawsuit in this matter.
- Electronic and written communications between any athletic trainers identified in the First Complaint and administration and staff members related to any matters arising from the lawsuit in this matter.
- Any social media postings by any Jane Doe Plaintiff related to the matters alleged in the First Complaint.
- Electronic communications between any Jane Doe Plaintiff and others related to any matters arising from the lawsuit in this matter.
- Any exhibit identified by any other party or identified during the course of discovery.

**Defendant Glen De Los Reyes' List of Documents that May be Used as Exhibits as Trial:**

Defendant Glen de los Reyes may introduce the following exhibits:

1. Any and all deposition transcripts and exhibits of any witnesses deposed in this case pursuant to Fed. R. Civ. P. 32.

2. Plaintiffs' answers to written discovery.

3. Communications between Plaintiffs and Mr. de los Reyes.

4. Documents identified during discovery.

5. Any documents or exhibits identified or used at trial by any other party.

6. Rebuttal exhibits as necessary.

7. Any and all documents produced in response to public records requests (if any), or the use of legal process in this proceeding.

8. Any and all materials prepared, reviewed and/or relied upon by any expert witness.

**Defendant Paul Weir's List of Documents that May be Used as Exhibits at Trial:**

1. Email invite for meeting on November 2, 2022.

2. Emails between Dr. Weir and Glen de los Reyes from November 2022.

3. Text messages between Dr. Weir and the three Plaintiffs dated February 3-14, 2023.

4. Email from Dr. Weir to athletic department staff dated February 9, 2023 re: student-athletes not permitted any treatment or services from Glen de los Reyes.

5. "Equipment/Uniform Policy" 2022-23 return policy from Marley Freeman.

6. Any and all documents produced by Plaintiff and any other party.

7. Any and all documents that become known during the course of litigation.

8. Any and all documents used solely for rebuttal purposes.

**Plaintiffs' Experts:**

None at this time.

**Defendants' Experts:**

**Defendant Eastern New Mexico University Board of Regents' Experts:**

Defendant ENMU has not identified any expert witness(es) at this time but reserves the right to designate expert witness(es) within the deadlines set forth by the Court.

**Defendant Meghan de los Reyes' Experts:**

Defendant Meghan de los Reyes has not identified any expert witness(es) at this time but reserves the right to designate expert witness(es) within the deadlines set forth by the Court.

**Defendant Glen de los Reyes' Experts:**

Defendant Glen de los Reyes has not retained an expert at this time. Mr. de los Reyes will comply with the expert designation deadline set by this Court.

**Defendant Paul Weir's Experts:**

At this time, Defendant Weir has not identified any experts.  Defendant Weir reserves the

right to do so pursuant to the Federal Rules of Civil Procedure and/or the orders of the Court.

**Plaintiffs' List of Discovery Subjects:**

- Eastern New Mexico University's relationship to Glen De Los Reyes, including knowledge that he was performing physical therapy and massage for student-athletes and any complaints it received regarding same;

- Eastern New Mexico University's policies and procedures for reporting and investigating claims of sexual abuse and harassment;

- Eastern New Mexico University's investigation into Plaintiffs' allegations in 2022 and 2023;

- Eastern New Mexico University's decision to terminate Meghan De Los Reyes in Spring 2023; and

- Glen De Los Reyes' certification, licensure, and practice history.

**Defendants' List of Discovery Subjects:**

**Defendant Eastern New Mexico University Board of Regents' List of Discovery Subjects:**

Discovery will be needed on the following subjects: All claims of liability made by

Plaintiff as to any Defendant; any claim for damages sought by Plaintiff; all matters relating to

defenses that have been or will be asserted by any Defendant.

**Defendant Meghan de los Reyes' List of Discovery Subjects:**

All issues of liability and damages raised by the First Amended Complaint.

**Defendant Glen de los Reyes' List of Discovery Subjects:**

1. The facts supporting Plaintiff's claims, and the facts supporting Mr. de los Reyes' defenses to Plaintiffs' claims.

2. Cause and existence of Plaintiffs' alleged damages

3. Eastern New Mexico University's investigation into Plaintiffs' allegations in 2022 and 2023

**Defendant Paul Weir's List of Discovery Subjects:**

All issues of liability and damages raised by the First Amended Complaint.

Discovery will be needed regarding liability and damages.


Maximum of 25 interrogatories by each party to any other party.  (Responses due 30 days after service).

Maximum of 25 requests for production by each party to any other party.  (Responses due 30 days after service).

Maximum of 25 requests for admission by each party to any other party.  (Response due 30 days after service).

For purposes of calculating the number of permissible interrogatories, requests for productions and requests for admission, each party is deemed a separate party except for Glen De Los Reyes and Glen's Fitness Lab, LLC who are deemed a single party.

Maximum of 5 depositions of fact witnesses by each Plaintiff and 5 depositions of fact witnesses by each Defendant.  Glen De Los Reyes and Glen's Fitness Lab, LLC will be deemed a single defendant for purposes of this limitation.

Each deposition of any non-party fact witness shall be limited to a maximum of 4 hours unless extended by agreement of parties.  Depositions of experts and named parties shall be limited to a maximum of 7 hours unless extended by agreement of parties.

Reports from retained experts under Rule 26(a)(2) due:

from Plaintiff(s) by November 30, 2023

from Defendant(s) by December 31, 2023

Supplementation under Rule 26(e) due within 30 days of knowledge of information or documents to be supplemented pursuant to Rule 26 generally or to either party's discovery requests.

All discovery commenced in time to be complete by March 1, 2024.

Other items: Although Plaintiffs believe that the Defendants are in fact aware of their identities, the parties note that the form of initial discovery may depend in part on the Court's resolution of Plaintiffs' request to proceed pseudonymously. Plaintiffs request expeditious resolution of their motion to file under temporary seal to enable them to inform Defendants of their identities while maintaining their confidentiality.

## **PRETRIAL MOTIONS**

**Plaintiffs intend to file**: Motions for summary judgment, motions in limine, discovery motions, and other motions permitted by the Federal Rules of Civil Procedure.

Defendants intend to file:

**Defendant ENMU:**   Motions for summary judgment, motions in limine, discovery motions , and other motions permitted by the Federal Rules of Civil Procedure.

**Defendant Meghan de los Reyes:**   Motions for summary judgment, motions in limine, and discovery motions as needed.

**Defendant Glen de los Reyes:**   Motions for summary judgment; motions in limine and any other motions permitted by the Federal Rules of Civil Procedure.

**Defendant Paul Weir:**   Motion for Summary Judgment at or near close of discovery; various motions in limine as may be necessary prior to trial; Motion for Costs and Fees.

## **ESTIMATED TRIAL TIME**

The Defendants estimate trial will require 10 days plus jury selection.

_____ This is a non-jury case.

__X__ This is a jury case.

The parties request a pretrial conference one month before their trial date.

## **SETTLEMENT**

The possibility of settlement in this case cannot be evaluated prior to the exchange of discovery. The parties request a settlement conference in April 2024.

## **<u>EXCEPTIONS</u>**

(Where counsel cannot agree to any recitation herein, exceptions shall be listed.)

Plaintiffs:            Plaintiffs request a 7-day trial in this matter.

All Defendants:      Defendants request that the deadline for the parties to amend and add parties be set as follows:

Plaintiffs should be allowed until September 13, 2023 to move to amend the pleadings and until September 13, 2023 to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

Defendants should be allowed until October 1, 2023 to move to amend the pleadings and until October 1, 2023 to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

Defendant Glen de los Reyes:  Furthermore, Mr. de los Reyes opposes Plaintiffs' Motion for Leave to File under Temporary Seal. The Court should not entertain such a motion when Plaintiff must show (with evidence and through proper motions practice) that some form of exceptional circumstance exists to allow a party to proceed under a pseudonym. The mere fact that the Plaintiffs may be embarrassed by the fact that they are bringing a sexual harassment claim is not an exceptional circumstance to support allowing the parties to proceed with a pseudonym, temporarily or otherwise.

APPROVED WITH EXCEPTIONS
(note exceptions above)

/s/ Katherine Ferlic
Katherine Ferlic
Brian Egolf

Kristina Martinez
Ben Osborn
123 W. San Francisco Street, Second Floor
Santa Fe, New Mexico 87501
(505) 986-9641
Kate@EgolfLaw.com
Brian@EgolfLaw.com
KMartinez@Egolflaw.com
Ben@EgolfLaw.com
*Attorneys for Plaintiffs*


Jerry A. Walz
Alisha L. Walz
Walz and Associates, P.C.
133 Eubank Blvd NE
Albuquerque, NM 87123
505-275-1800
Fax: 505-275-1802
awalz@walzandassociates.com
jerryawalz@walzandassociates.com
*Attorneys for Defendant Eastern New Mexico*
*University Board of Regents*

Gerald A. Coppler
Joshua Howard
Coppler Law Firm, P.C.
645 Don Gaspar Ave.
Santa Fe, NM 87505
(505) 988-5656
gcoppler@coppler.com
jhoward@coppler.com

Daniel J. O'Brien
Jeffrey M. Mitchell
O'Brien & Padilla, P.C. Law Offices
6000 Indian School Road NE, Suite 200
Albuquerque, NM 87110-4179
(505) 883-8181
(505) 883-3232 fax
dobrien@obrienlawoffice.com
jmitchell@obrienlawoffice.com
*Attorneys for Defendant Meghan de los Reyes*


Arlyn G. Crow
Amanda K. Nelson

35

Adams+Crow Law Firm
5051 Journal Center Blvd. NE, Suite 320
Albuquerque, New Mexico 87109
Phone: (505) 582-2819
Fax:    (505) 212-0439
arlyn@adamscrow.com
amanda@adamscrow.com
*Attorneys for Defendants Glen's Fitness Lab and*
*Glen de los Reyes*


Charlotte A. Lamont
Kirk R. Allen
Miller Stratvert
P.O. Box 25687
Albuquerque, NM 87125-0687
clamont@mstlaw.com
kallen@mstlaw.com
505.842.1950
Facsimile: 505.243.4408
*Attorneys for Defendant Glen De Los Reyes*


Carlos M. Quiñones, Esq.
QUIÑONES LAW FIRM LLC
1223 S. Saint Francis Dr., Ste. C
Santa Fe, NM 87505
(505) 992-1515
(505) 992-1714 (fax)
quinoneslaw@cybermesa.com
*Attorney for Defendant Paul Weir*

36