IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

JANE DOE 1, JANE DOE 2,
and JANE DOE 3,

    Plaintiffs,

v.                                                       No. 23-CV-0362-GBW-JHR

EASTERN NEW MEXICO UNIVERSITY
BOARD OF REGENTS,
MEGHAN DE LOS REYES in her individual
capacity,
PAUL WEIR in his individual capacity,
GLEN'S FITNESS LAB, and
GLEN DE LOS REYES,

    Defendants.

**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE UNREDACTED COMPLAINT UNDER TEMPORARY SEAL AND
ORDER FOR PLAINTIFFS TO FILE A MOTION TO PROCEED ANONYMOUSLY OR SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED**

This matter comes before the Court on Plaintiffs' Motion for Leave to File Unredacted Complaint under Temporary Seal filed July 6, 2023. [Doc. 24]. Defendants Glen de los Reyes and Glen's Fitness Lab filed a response on July 20, 2023. [Doc. 27]. Plaintiffs filed a reply on August 3, 2023. [Doc. 35]. For the reasons stated below, the Court grants the motion.

## BACKGROUND

Jane Does 1-3 filed a Complaint against the Eastern New Mexico University Board of Regents, Glen de los Reyes, Meghan de los Reyes individually, Paul Weir individually, and Glen's Fitness Lab LLC on April 27, 2023. [Doc. 1]. Jane Does 1-3 amended their Complaint on May 16, 2023. [Doc. 12]. The Board of Regents filed an answer on June 23, 2023. [Doc. 18]. Meghan de los Reyes filed an answer on June 23, 2023. [Doc. 19]. Paul Weir filed an answer on June 23,

1

2023. [Doc. 20]. Glen de los Reyes and Glen's Fitness Lab filed an answer on June 23, 2023. [Doc. 21].

Plaintiffs, former basketball players for Eastern New Mexico University, allege that they were sexually assaulted by Defendant Glen de Los Reyes in the guise of physical therapy. [Doc. 12, at p. 1]. They allege that Meghan de los Reyes, Glen's spouse and then-head coach of the ENMU women's basketball team, was complicit by referring them to Glen for treatment and retaliating if they refused. *Id.* They allege that Athletic Director Paul Weir and the Board of Regents of ENMU knew or should have known of their sexual assaults and failed to act accordingly to protect them and others. *Id.* at 1-2.

Plaintiffs instituted suit by filing a Complaint, followed by an Amended Complaint, that did not identify them by name but instead as "Jane Doe 1, Jane Doe 2, and Jane Doe 3." *See id.* at 1. Plaintiffs included a section at the end of the Amended Complaint titled "REQUEST FOR LEAVE TO PROCEED UNDER PSEUDONYMS" that cited authority and argued that they should be allowed to prosecute this case as "Jane Does" 1-3 in order to protect their privacy interest and reduce damages that could result from tying their public identities to their alleged identities as victims of sexual assault. *Id.* at 29-33, ¶¶ 175-188. Defendants variously answered those paragraphs as though they were standard allegations of a civil complaint, *see* [Doc. 18, at pp. 19-20] (answers by ENMU); [Doc. 19, at pp. 20-23] (answers by Meghan de los Reyes); [Doc. 21, at pp. 23-24] (answers by Glen de los Reyes and Glen's Fitness Lab), or as not allegations and so requiring no response, *see* [Doc. 20, at p. 20] (answer by Weir). The Court took no immediate action on Plaintiffs' request included in the Amended Complaint.

Plaintiffs filed Plaintiffs' Motion for Leave to File Unredacted Complaint under Temporary Seal on July 6, 2023, moving for leave to file under temporary seal an unredacted complaint that

included the name of each Plaintiff "pending the Court's resolution of the Plaintiffs' Motion to Proceed Under Pseudonym." [Doc. 24]. The motion cited authorities and argued that public disclosure of Plaintiffs' names on the court record would cause "social stigma or the threat of real and imminent physical harm." [Doc. 24, at pp. 1-2] (citing *Raiser v. Brigham Young Univ.*, 127 Fed. App'x 409, 411 (10th Cir. 2005)). Plaintiffs did not file a separate motion to proceed under pseudonym, implying that their "REQUEST FOR LEAVE TO PROCEED UNDER PSEUDONYMS" in the Amended Complaint should be treated as a motion. Plaintiffs represented that the Board of Regents and Weir do not oppose the Motion for Leave to File under Temporary Seal, that Meghan de los Reyes takes no position, and that Glen de los Reyes opposes. [Doc. 24, at p. 4].

As expected, Glen de los Reyes filed his Response in Opposition to Plaintiffs' Motion for Leave to File Unredacted Complaint under Temporary Seal on July 20, 2023. [Doc. 27]. Glen de los Reyes noted the confusion created by Plaintiffs including a functional motion internal to a complaint, such as whether the applicable rules for response are those required for pleadings or for motions. *Id.* at 1. He then responded as if the motion for temporary seal presented the same range of issues as a motion to proceed under pseudonym, up to and including suggesting to a jury that the Court deemed "some aspect of the case harmful and … did not want to 'harm' or 'embarrass' the plaintiff." *Id.* at 9. Given the procedural presentation, Glen de los Reyes' confusion and caution are understandable.

Plaintiffs found it necessary to begin their reply argument by clarifying "the instant motion is not about whether Plaintiffs are entitled to proceed under pseudonyms." [Doc. 35]. Instead, it is about whether Plaintiffs may apprise all Defendants and the Court of their identities without waiving their request to proceed under pseudonym." *Id.* at 2-3 (Reply in Support of Plaintiff's

Motion for Leave to File Unredacted Complaint under Temporary Seal). They argue that the purpose of a temporary seal is "so that all parties may begin substantive litigation of this case pending the Court's decision on the pseudonymity issue." *Id.* at 3. Plaintiffs do not say whether they intend to file a separate motion or instead believe that the "request" in the Amended Complaint should be treated as one. The latter implication is undercut later in the reply where Plaintiffs argue that leave to file under temporary seal benefits Defendants who "should be permitted expeditiously to review an unredacted complaint in order to develop their objections to Plaintiff's anonymity …" *Id.* at 5-6. If Plaintiffs intend that the Court treat their "request" as a motion, they disregard that the fourteen-day response deadline for motions is inconsistent with the longer deadline for an answer to a Complaint. *Compare* D.N.M.LR-Civ. 7.4(a), *with* Fed. R. Civ. P. 12(a)(1)(A). In sum, Plaintiffs' approach has created confusion.

## APPLICABLE LAW

The Federal Rules of Civil Procedure require that the title of a complaint "name all the parties," Fed. R. Civ. P. 10(a), and that every action "be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a). Only where "exceptional circumstances involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity" are shown will a court permit a party to proceed anonymously. *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)). Whether to proceed anonymously is a matter of trial court discretion, *M.M. v. Zavaras*, 139 F.3d 798, 800 (10th Cir. 1998), and balancing interests allows anonymity only where "the need . . . outweighs the public interest in favor of openness." *Raiser*, 127 Fed. App'x at 411.

Tenth Circuit jurisprudence requires that "[w]hen a party wishes to file a case anonymously or under a pseudonym, it must first petition the district court for permission to do so." *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001) (citing *Nat'l Commodity & Barter Ass'n*, 886 F.2d at 1245)). Otherwise, there is a real risk that the court "lack[s] jurisdiction over the unnamed parties." *Id.*

## ANALYSIS

It is clear that Plaintiffs require leave of court to proceed anonymously. The issue to be decided is whether a "request" inserted into a complaint is a proper way to present the issue to the trial court.

The Federal Rules of Civil Procedure distinguish between pleadings, including complaints, and motions. Pleadings state claims for relief, defenses, admissions and denials. *See* Fed. R. Civ. P. 8 (a), (b). Motions are not pleadings. *Compare* Fed. R. Civ. P. 7(a) (The only pleadings allowed are: complaints, counterclaims, cross-claims, and third-party complaints; answers thereto, and; replies to answers but only if ordered by the court), *with* Fed. R. Civ. P. 7(b)(1) (A motion is a written request, or an oral request during a hearing, for a court order). The distinction is not without a difference: for example, allegations of fact in motions must be supported by documentary evidence. D.N.M.LR-Civ. 7.3(b). Also, pleadings and motions implicate different procedures including, as already mentioned, different deadlines for response.

The Tenth Circuit in *Femedeer*, which adopted the standard pronounced by the Eleventh Circuit for granting leave to proceed anonymously, suggested that a motion is the proper vehicle to present an anonymity request to the court. 227 F.3d at 1247 (directing, before further action on the case, that plaintiff Femedeer file "a motion to seal the caption or to authorize the matter to proceed by way of a pseudonym"). In *M.M. v. Zavaras*, a motion was filed but ultimately denied

on the merits. 129 F.3d at 799.  In the Eleventh Circuit case which provided the standard adopted in *Femedeer*, the pseudonym issue was presented through a motion filed in response to a defense motion to dismiss for failure to comply with Rule 10(a).  *Frank*, 951 F.2d at 322.

Thus, it appears that the accepted practice is to file a motion to seek leave to file anonymously.  Such a practice avoids the confusion created by including the request in a complaint where the form of response is limited and the time for response is longer.  Plaintiffs have not properly presented the issue of whether they should be allowed to proceed by pseudonym throughout this case, which they must do before the Court has jurisdiction to resolve the merits.

Instead, Plaintiffs have requested to file an unredacted complaint under temporary seal in order to allow the parties to begin discovery.  Only Defendant Glen de los Reyes has opposed, both on procedural grounds and because Plaintiffs have not shown entitlement to proceed anonymously throughout the case.  De los Reyes is correct that a proper motion to proceed anonymously is both required and absent from the record.  The Court will thus order Plaintiffs to file such a motion or show cause why the case should not be dismissed for lack of jurisdiction.

In the meantime, however, and in order not to delay the discovery process and plan which the parties presented at the scheduling conference, the Court will grant a temporary seal on the immediate filing of an unredacted complaint available to case participants only.

## CONCLUSION

In sum, the Court will grant Plaintiffs' Motion for Leave to File Unredacted Complaint under Temporary Seal with the following conditions:

1. Plaintiffs shall not change the content of the Amended Complaint other than to replace the "Jane Doe" designations with the actual name of the respective Plaintiffs.  This Order does not grant leave for any other amendment of the Amended Complaint.

2. In the event that mere disclosure of the name of one or more Plaintiffs renders an original statement in any answer inaccurate or misleading, each Defendant is granted leave to file an amended answer for the sole purpose of correcting those inaccuracies or misleading statements. This Order does not grant leave for any other amendment of an original answer. No Defendant is required to file an amended answer if substitution of proper names of the Plaintiffs does not create an inaccurate or misleading statement in the original Answer. Amended answers, if any, shall be filed within twenty-one days of this order.

3. The temporary seal will expire upon the Court's decision whether to grant a motion to proceed anonymously. As no such motion has been filed to date, the Court will require one now. The motion must meet the standard adopted in *Femedeer*.

The Court thus orders that Plaintiffs shall **file a proper motion to proceed anonymously within ten (10) days of this order or show cause why the Amended Complaint should not be dismissed for lack of jurisdiction.**

**IT IS SO ORDERED.**

_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE