IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

JANE DOE 1, JANE DOE 2,
and JANE DOE 3,

      Plaintiffs,

v.                                                                                              No. 23-cv-0362-GBW-JHR

EASTERN NEW MEXICO UNIVERSITY
BOARD OF REGENTS,
MEGHAN DE LOS REYES in her individual
capacity,
PAUL WEIR in his individual capacity,
GLEN'S FITNESS LAB, and
GLEN DE LOS REYES,

      Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO PROCEED PSEUDONYMOUSLY**

This matter is before the Court on Plaintiffs' Motion for Leave to Proceed Pseudonymously. [Doc. 48]. Defendants Glen De Los Reyes and Glen's Fitness Lab responded [Doc. 51], and Plaintiffs replied [Doc. 53]. Defendants Eastern New Mexico University Board of Regents, Meghan De Los Reyes, Paul Weir did not take a position. [Doc. 48, p. 1]. For the reasons stated below, the Court will grant Plaintiffs' Motion and allow them to proceed under pseudonyms in pretrial proceedings.

### I.    BACKGROUND

Plaintiffs allege that Glen De Los Reyes sexually assaulted them under the guise of physical therapy and massage treatments while they played collegiate basketball under his wife, Meghan De Los Reyes, the head coach of ENMU women's basketball. [Doc. 38, p. 2, 3]. They allege that Meghan De Los Reyes retaliated against them if they resisted or told anyone about the alleged abuse. *Id.* Plaintiffs further allege that athletic director Weir and ENMU officials were

aware of the alleged abuse but failed to take action. *Id.* at 4. Consequently, Plaintiffs assert that they were forced to transfer from ENMU and miss a season of NCAA eligibility, along with sustaining serious mental health injury. *Id.* at 5. Based on the foregoing, Plaintiffs plead violations of the New Mexico Civil Right Act, the New Mexico Human Rights Act, New Mexico Tort Claims Act, battery and assault, New Mexico privacy law, and their Title IX rights. *Id.* Defendants Glen De Los Reyes and Glen's Fitness Lab deny these allegations. *Id.* at 6-7.

### A. Plaintiffs' Motion for Leave to Proceed Pseudonymously

Against this backdrop, Plaintiffs request the Court allow them to proceed under pseudonyms due to the nature of the allegations and potential retaliation which could further damage their athletic careers and mental health. *See* [Doc. 48]. Plaintiffs attach three affidavits for each Jane Doe to the Motion. [Docs. 48-1—48-3]. Only Defendants Glen De Los Reyes and Glen's Fitness Lab oppose the request. *Id.* at 1. Plaintiffs generally argue:

> As victims of alleged sexual assault and harassment, they have significant privacy interests that outweigh the relatively modest burden on the public's common-law right of access to open judicial proceedings, as a pseudonym would enable all filings to remain open to public inspection. However, to inform Defendants of their identities, and to assure the Court of its jurisdiction, Plaintiffs filed a motion for leave to file an unredacted complaint under temporary seal pending the Court's resolution of Plaintiffs' request to proceed under pseudonyms.

*Id.* at 2, 3.

Plaintiffs make several sub-arguments. First, they advance that their substantial privacy interests necessitate anonymity since the suit will reveal "intimate details" of sexual abuse and compound harm already done to their "educational, professional and athletic careers." *Id.* at 5, 6. Plaintiffs highlight their young ages at the time (eighteen to twenty-one years old) in conjunction with the sexually explicit nature of certain visual discovery. *Id.* at 7-8. They also discuss the NCAA's four-season eligibility limit, one of which they claim was lost and seek to recapture. *Id.*

2

at 9. Press coverage is another element Plaintiffs say supports pseudonymity. *Id.* at 9-10. They cite a litany of largely persuasive cases in support. *Id.* at 6-10.

Plaintiffs also advance that public interest favors allowing them to proceed anonymously. *Id.* at 11. They argue that the presumption in favor of open proceedings flips with alleged sexual assault and state that courts regularly find that "the public's interest in allowing, rather than discouraging, allege victims of sexual assault and harassment to vindicate their rights favors the use of anonymity and outweighs any public interest in a plaintiff's identity." *Id.* at 12 (collecting cases). The chilling effect, they argue, could discourage future alleged victims from disclosing similar sexual abuse. *Id.* at 13.

Regarding Defendants' interests, Plaintiffs claim that pseudonymity will have little to no impact upon their ability to investigate the claims nor upon their respective reputations. *Id.* at 13-15. Plaintiffs urge that the risk of reputational and economic harm to governmental Defendants is less than it would be to a private party. *Id.* at 13. Relatedly, they argue, the nature of the lawsuit challenging governmental activity "under rights meant to protect [sic] unequal treatment of disadvantaged groups" also "undercuts the public's typical interest against anonymity." *Id.* at 14. Finally, Plaintiffs reason that using pseudonyms is a less restrictive privacy measure than sealing or redacting future filings and not prejudicial given that Defendants already know Plaintiffs' names *Id.* at 14, 15.

**B. Defendant Glen De Los Reyes' Response in Opposition**

Glen de los Reyes and Glen's Fitness Lab ("De Los Reyes") mainly defend that Plaintiffs' supporting statements and affidavits are conclusory, superficial, and defective. *See* [Doc. 52, pp. 1, 2]. He contends that his privacy interests are as valuable as the Plaintiffs', and thus Plaintiffs should not "enjoy the shield of anonymity" while he remains exposed to negative publicity. *Id.*

De Los Reyes emphasizes that using a pseudonym is the exception in federal court. *Id.* at 2-3. Meeting this exception, he states, requires Plaintiffs to show "sufficient and particular" supporting evidence showing more than "some embarrassment." *Id.* at 3. De Los Reyes characterizes sexual harassment and assault cases as falling under "some embarrassment" category and thus failing to rise to the "exceptional" level implicating "matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred" from disclosing the Plaintiffs' identities. *Id.* (citing *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000)). He cites several supporting cases. *Id.* at 4.

De Los Reyes further contends that Plaintiffs' issues do not sufficiently overcome the presumption of open proceedings. *Id.* at 7, 8. Regarding age, he states that Plaintiffs "are not entitled to the same anonymity protections that are granted to minors" because they were adults during the alleged events. *Id.* at 7. Regarding mental health, he again urges that Plaintiffs make conclusory mental health allegations and that, in any event, their "subjective, psychogenic harms" fail to meet the exceptional circumstance threshold." *Id.* at 8. Finally, De Los Reyes dispels the notion that Plaintiffs' "potential social backlash" warrants pseudonymity. *Id.* at 8-9. He frames Plaintiffs' concerns as stigma which falls short of a risk of harm and complains that Defendants also suffer stigma from this matter. *Id.* at 9. Regarding future recruitment, De Los Reyes again states that such harm is too distant or removed to warrant anonymity. *Id.* at 10-11.

De Los Reyes finally argues that the public policy towards openness also precludes Plaintiffs from proceeding under pseudonyms. He particularly decries Plaintiffs' position that Defendants' governmental nature lessens the harm. *Id.* at 12. In fact, he argues the opposite, that "there are ***more*** reasons to ***not*** grant anonymity" when a government agency is involved." *Id.* De

4

Los Reyes urges that he is not affiliated with ENMU and was not acting in its capacity, and thus he is most damaged by Plaintiffs' pseudonymity. *Id.*

### C. Plaintiffs' Reply in Support.

In their reply, Plaintiffs emphasize there "are no rigid rules governing when to permit pseudonymity." [Doc. 53, p. 2]. They emphasize that the Court has broad discretion to weigh the case-specific public and private interests and determine the appropriate balance. *Id.* Plaintiffs also rebut that conclusory evidence alone cannot defeat their request. *Id.* at 3 They reassert that Plaintiffs' various interests justify pseudonymity: safety and wellbeing; media scrutiny; the chilling effect on potential plaintiffs or witnesses; and the risk of injury they are litigating against. *Id.* at 6-7. They Plaintiffs close that public policy in the specific Title IX context of this case at issue favors anonymity. *Id.* at 8, 9.

## II. LEGAL STANDARDS

A lawsuit must generally be prosecuted in the name of the real party in interest. Fed. R. Civ. P. 10. Proceeding under a pseudonym is therefore unusual and only warranted under exceptional circumstances. *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000). Those exceptions are matters of a "highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Id.* Embarrassment is not enough. *Id.* The court must weigh the public's interest in access to the legal proceedings when deciding whether to allow proceeding under a pseudonym. *Id.* Ultimately, "the need for the cloak of anonymity" is left to the discretion of the trial judge. *Doe v. Regents of Univ. of Colorado*, 603 F. Supp. 3d 1014, 1018–19 (D. Colo. 2022).

### III. DISCUSSION

The Court agrees with Plaintiffs that exceptional circumstances exist which outweigh the public's interest in uncovering their identities. The allegations of sexual assault perpetrated and enabled by persons in positions of trust and authority are highly sensitive and personal matters. Further, Plaintiffs' reputational and mental health injuries being litigated against may be incurred because of disclosing the Plaintiffs' identities. Finally, the public interest in allowing student-athletes to disclose sexual abuse without fear of reprisal also favors anonymity. At this juncture of the case, the Court finds exceptional circumstances warrant a departure from Rule 10 and will permit Plaintiffs to proceed by pseudonym. *See Femedeer,* 227 F.3d at 1246.

**A. The highly sensitive and personal nature of the allegations support pseudonymity.**

The Court finds that this matter involves a highly sensitive and personal nature. Courts have differed on whether alleged victims of sexual assault should be allowed to proceed anonymously. *See Doe v. Farmington Mun. Sch.,* No. CV 21-103 SCY/KK, 2021 WL 1390777, at *3 (D.N.M. Apr. 13, 2021) (collecting cases allowing and denying requests to proceed under pseudonym in sexual violence cases). While minor alleged victims are nearly always afforded the protection of pseudonymity, *see Doe v. Bd. of Regents of Univ. of New Mexico*, No. CIV 20-1207 JB/JHR, 2021 WL 4034136, at *1 (D.N.M. Sept. 4, 2021), the Court has not unearthed a blanket rule precluding alleged victims of majority age from also securing anonymity in lawsuits[1]

Plaintiffs were just over the age of majority (eighteen to twenty-one years old) when the alleged abuse occurred. [Doc. 48, p. 7]. Though technically adults, the Court finds the allegations highly sensitive and personal. The power dynamics involved in this case augment its delicate

---

[1] The Court also notes that parties often do not oppose a plaintiff's anonymity in high profile cases, therefore negating the need for litigation on the subject. *See Does v. United States Olympic Comm.*, No. 19-CV-00737-PAB-KMT, 2019 WL 2992031, at *1 (D. Colo. July 9, 2019). This was nearly the situation here as only one Defendant opposing anonymity.

6

nature, particularly so when the alleged abuser is a person who occupies a position of trust (trainer) and is enabled by a person holding a position of power (coach). The Court has reviewed the allegations in the First Amended Complaint filed under seal and finds them highly sensitive and personal in nature. *See* [Doc. 47]. They surpass mere embarrassment; rather, they concern explicit details of the same bodies with which Plaintiffs play basketball for De Los Reyes' wife. Particularly troubling are the allegations of the type of victims singled out. *Id.* at 5, ¶21. The alleged victims tend to fall on the younger end of the adult age range. The placement and degree of visible injury on Plaintiffs' bodies, coupled with allegations of repeated sexual abuse and silencing, reinforce the highly sensitive and personal nature of this dispute.

Neither party presents an on-point case addressing allegations of authority figures sexually abusing college athletes who experienced subsequent retaliation and fear similar future retribution if their names were public. While proffered cases discuss sexual assault allegations involving professors or the workplace, this is a more complex and nuanced set of facts, relationships, and timelines. The Court acknowledges that finding the allegations highly sensitive may not alone sufficiently overcome the public's interest in fully open proceedings. However, along with the following analysis, Plaintiffs' interest in anonymity ultimately prevails.

**B. The risk of incurring the injury Plaintiffs seek to redress supports pseudonymity.**

Another consideration which may constitute an exceptional circumstance warranting anonymity is where the injury litigated against would result from disclosing Plaintiffs identities. *Femedeer*, 227 F.3d at 1246 (stating the disjunctive standard of "highly sensitive and personal nature, real danger of physical harm, <u>or</u> where the injury litigated against") (emphasis added). "Courts granting leave have noted that protecting the privacy of sexual assault victims encourages other victims to report such crimes and avoids the risk of exacerbating the psychological harm the

victims have suffered." *Farmington Mun. Sch.,* 2021 WL 1390777, at *3 (citing *Doe v. Cabrera,* 307 F.R.D. 1, 10 (D.D.C. 2014)).

This is the case here. Plaintiffs contend that the alleged abuse and retaliation effectively denied them a school year and a season of NCAA eligibility (a quarter of their total eligibility). [Doc. 48, p. 9]. Plaintiffs explain:

> [They] have spent one [of four] of their eligible seasons suffering the effects of sexual assault that [sic] coordinated by their coach, and systemic intimidation and retaliation that was permitted by their university. Plaintiffs bring this suit in part to remedy that loss of educational and career opportunity in the hopes of earning an exemption from the NCAA for their 2022-23 season. Plaintiffs understandably fear continued harassment and interference with their academic studies that would result from disclosing their identities, such as from prospective universities declining to recruit students identified with a lawsuit against their former university and coach.

*Id.*

This explanation is sound. Plaintiffs have pled that they suffered reduced playing time, subpar athletic and academic performances, scholarship loss, and ultimately transfer due the alleged sexual abuse and retaliation. *See* [Doc. 47, pp. 16, 29, 33]. Plaintiffs seek to redress this alleged injury here. *See id.* In turn, Plaintiffs fear that if this lawsuit made their names public, new coaches or officials would not trust them and against subject them to reduced playing time, subpar athletic performance, and scholarship loss. *See* Doc. 48, p. 9-11. The risk of incurring the same career and reputational injury would precipitate the mental health injury Plaintiffs seek to redress here. Plaintiffs' affidavits recite specific concerns, including hospitalization for mental health and demotion in playing level (junior college). [Docs. 48-1, 48-2, and 48-3]. Publicly revealing Plaintiffs' identities would facilitate the same injuries for which they are suing. Thus, exceptional circumstances favor anonymity.

Contrasting fact patterns are instructive given the lack of on-point circuit precedent. For example, these facts present a closer nexus to the alleged sexual assault, the assailant, and the risk

of injury than in *Doe v. Weber State Univ.*, No. 1:20-CV-00054-TC-DAO, 2021 WL 5042849, at *4–5 (D. Utah Oct. 29, 2021). That court denied the student-plaintiff's wish to proceed pseudonymously in part because the plaintiff sued the university, not the alleged assailant-professor himself. *Id.* The court thus viewed the lawsuit a "level removed from the allegations of sexual assault." *Id.* Neither could the court discern any colorable potential harm to the plaintiff aside from her recitation that she could "suffer danger of physical harm" if her name was public. *Id.* Nor did the plaintiff proffer future harm or retaliation at her transfer school. *Id.* Finally, that court noted that there was no high-profile aspect to her case to warrant anonymity. *Id.*

The instant facts point in the opposite direction. Here, Plaintiffs directly sue their alleged assailant, De Los Reyes, for specific allegations of sexual violence detailed in the Amended Complaint. *See* [Doc. 47]. Plaintiffs have also alleged serious ongoing mental health damage along with reasonable fears of prospective damage to their athletic and academic endeavors. *Id.*; *see* [Docs. 48-1—48-3]. Moreover, Plaintiffs emphasize that this case has already been subject to media scrutiny. Finally, the *Weber State* case did not endorse any chilling effect present here, where other possible plaintiffs may wish to disclose sexual abuse but for public identification. [Doc. 48, p. 10]. Thus, the Court finds this matter materially distinguishable from *Weber State*.

C. **Plaintiffs' privacy interests outweigh the public's interest in their identities.**

A final significant consideration is the public's countervailing interest which typically favors open proceedings. Plaintiffs urge the Court to consider various articles of the effects of sexual assault generally. [Doc. 48, p. 8-11]. The Court also notes the recent slate of sexual assault lawsuits of this nature among college athletes. *See, e.g.*, Summer-Solstice Thomas, *It could have been me: The NCAA must do more to protect student-athletes from sexual abuse* (Nov. 3, 2021, 9:30 AM), https://fortune.com/2021/11/03/ncaa-sexual-abuse-student-athletes/; John T. Wendt,

9

*Butler Soccer Student-Athletes Accuse Trainer of Sexual Assault*, (Aug. 25, 2023), *University of Michigan Sexual Abuse: The Dr. Robert Anderson Scandal*, THE LEGAL EXAMINER, https://www.legalexaminer.com/category/legal/sexual-abuse/anderson-michigan/. One survey found that one in four student athletes said they had been sexually abused by authority figures, compared to one in ten of the general student population. N'dea Yancey-Bragg, *1 in 4 college athletes say they experienced sexual abuse from an authority figure, survey finds* (Aug. 26, 2021, 11:43 AM), https://www.usatoday.com/story/news/nation/2021/08/26/college-athlete-report-sexual-assault-common-survey/8253766002/. The article states that only a quarter of athletes endorsed reporting abuse to campus administrators largely due to fear of retaliation and scholarship loss. *Id.*

In light of this background (and without commenting on the accuracy of the specific figures), encouraging young student-athletes to report sexual abuse is also in the public's interest. That interest applies to the allegations here: Plaintiffs proffer that other teammates were similarly assaulted but have not come forward. [Doc. 48, pp. 3, 10]. The public's interest in reporting is particularly focused at public universities such as ENMU, where taxpayers fund the salaries of athletic staff and often the scholarships of athletes. Overall, the timeliness and magnitude of these and similar allegations, as described in the above-referenced articles, presently eclipse the public's interest in obtaining Plaintiffs' legal names.

The Court agrees that De Los Reyes will suffer minimal prejudice from Plaintiffs proceeding under pseudonym. Defendants already know Plaintiffs' identities and therefore may investigate and defend against Plaintiffs' claims unencumbered. [Doc. 48, p. 14]; *see Farmington Mun. Sch*, 2021 WL 1390777, at *3; *M. T. v. Olathe Public Schools USD* 233, 2018 WL 806210 (D. Kan. 2018). The Court also agrees that pseudonymity is the least imposition on the public's

ability to view the case while accounting for Plaintiffs' privacy (as opposed to sealed proceedings). [Doc. 48, p. 15]. In sum, with only De Los Reyes in opposition, the Court finds that the balance of considerations tips in favor of allowing Plaintiffs to proceed under pseudonym in the record during the pretrial proceedings in the matter.

### IV.   CONCLUSION AND ORDER

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Leave to Proceed Pseudonymously [Doc. 48] is **GRANTED** for the foregoing reasons.

**IT IS SO ORDERED.**

.

                                             THE HONORABLE JERRY H. RITTER
                                             UNITED STATES MAGISTRATE JUDGE