## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

**JANE DOE 1, JANE DOE 2,**
**and JANE DOE 3,**

       **Plaintiffs,**

**v.**　　　　　　　　　　　　　　　　　　　**No. 23-cv-0362-GBW-JHR**

**EASTERN NEW MEXICO UNIVERSITY**
**BOARD OF REGENTS,**
**MEGHAN DE LOS REYES in her individual**
**capacity,**
**PAUL WEIR in his individual capacity,**
**GLEN'S FITNESS LAB, and**
**GLEN DE LOS REYES,**

       **Defendants.**

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT GLEN DE LOS REYES' MOTION FOR PROTECTIVE ORDER AND MOTION FOR LIMITED STAY OF DISCOVERY

    This matter is before the Court on Defendant Glen de los Reyes' Motion for Protective Order [Doc. 64] and Glen de los Reyes' Motion for Limited Stay of Discovery [Doc. 82] (collectively "Motions"). The Court will address both Motions in this Order because they request similar relief. The initial Motion for Protective Order requests the Court to stay the deposition of de los Reyes. *See* [Doc. 64]. The second Motion requests a stay of all discovery regarding de los Reyes, including his deposition. *See* [Doc. 82]. Plaintiffs Jane Does 1-3 responded to the Motions, [Docs. 72, 87], and de los Reyes replied [Docs. 77, 96]. For the reasons stated below, the Court will **DENY** the Motions.

## I.　　　BACKGROUND

    The Motions request an order staying all discovery regarding de los Reyes while he is reportedly under criminal investigation for the alleged sexual misconduct giving rise to this civil

case. [Docs. 64, 82]. De los Reyes advises that he declined an interview request from a criminal investigator with the New Mexico Office of the Attorney General. [Doc. 64, p. 1]; [Doc. 82, p. 2]. He urges that the "*Hilda M.* factors" support a stay in order to prevent prejudice, such as "making potentially incriminating statements" during the criminal investigation. [Doc. 82, p. 4-8]. Although de los Reyes has not been indicted, he claims prejudice arises from the choice "to either waive his Fifth Amendment rights or suffer the negative consequences of [Does] obtaining negative inferences" from his remaining silent. *Id.* at 6. Conversely, he says that a limited stay would not prejudice Jane Does because they may still propound discovery on other parties and learn information from "other channels of discovery." *Id.* at 7. Regardless, de los Reyes notes that either the Fifth Amendment or a stay will curtail Plaintiffs from receiving information from him. *Id.*

Plaintiffs dispute that the criminal investigation constitutes "a strong showing of necessity" for the stay. [Doc. 87, p. 4, 5]. They object that staying discovery until the criminal investigation resolves is overly broad and vague because there is no guarantee when or whether investigation will result in criminal charges. *Id.* at 6, 7 ("law enforcement generally does not announce the termination of investigations save with an indictment"). They also urge that a pending criminal case is the critical "*Hilda M.*" factor. *Id.* at 6. Plaintiffs finally decry that a stay is inequitable here because "a bar to all civil discovery unfairly allows him to avoid requests that do not implicate the privilege while evading any negative inference from his refusal to respond." *Id.* at 8. They propose alternative means to prevent self-incrimination. *Id.* at 9-10.

De los Reyes replies that Plaintiffs misrepresent or misconstrue the interplay between the civil case and criminal investigation. [Doc. 96, p. 2]. He posits "total overlap" of the civil and criminal subject matter, evidenced by an official investigation report, as the "most important factor" favoring a stay. *Id.* at 3. Because the report shows an active criminal investigation, he

believes that "more than hypothetical" prejudice would result if he had to testify in the civil case. *Id.* at 5. De los Reyes says the prejudice he may incur from remaining silent outweighs Plaintiffs' concerns given that they may discover information from other defendants. *Id.*

## II.   LEGAL STANDARDS

Staying a civil matter pending the resolution of a criminal proceeding is generally not required unless a party's Fifth Amendment rights will be prejudiced without a stay. *K.E. v. Bd. of Educ. of Rio Rancho Pub. Sch.*, No. CV 21-1032 MV/SCY, 2022 WL 3355829, at *6 (D.N.M. Aug. 15, 2022). Although a defendant faces a "quandary" in terms of choosing whether to testify in a civil case or assert his Fifth Amendment right, "it is not unconstitutional to force a defendant to make this choice." *Hilda M. v. Brown*, No. 10-CV-02495-PAB-KMT, 2010 WL 5313755, at *3 (D. Colo. Dec. 20, 2010). Thus, staying a court proceeding is "the exception rather than the rule." *Id.* at (collecting cases). Courts use a case-specific, six-factor test to assess the parties' interests while deciding whether to impose a stay:

> (1) [T]he extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest.

*Id.* (collecting cases).

## III.   ANALYSIS

### 1. The first factor favors a stay because the civil matter and criminal investigation overlap.

The first factor weighs in favor of de los Reyes. The civil and possible criminal case (now investigation) both stem from the allegations that de los Reyes sexually abused Plaintiffs while they were basketball players at ENMU. This is evident from the fact that Plaintiffs gave statements

to the Attorney General to use in the criminal investigation of de los Reyes. *See* [Doc. 96, p. 4]. Plaintiffs do not overtly deny that overlap exists between the civil case and criminal investigation; rather, they cite "insufficient information" to challenge de los Reyes' assertion of overlap. [Doc. 87, p. 6]. Given the timing and available information on the criminal investigation, it is at least plausible that the civil sexual assault claims and underlying facts broadly define the contours of the criminal investigation. The Court does not need the precise details of the investigation to find that the first factor weighs in favor of de los Reyes.

## 2. The second factor disfavors a stay because de los Reyes has not been indicted on criminal charges.

The second factor weighs in favor of Plaintiffs because de los Reyes has not been indicted for any crime. "A stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct." *Hilda M.*, 2010 WL 5313755, at *3–4. This is because "(1) the likelihood that a defendant may make incriminating statements is greatest after an indictment has issued, and (2) the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved due to Speedy Trial Act considerations." *K.E.*, 2022 WL 3355829, at *6. Absent indictment, an exception may be made if "criminal charges appear imminent" such as through a target letter. *Id.*

It is undisputed that de los Reyes is not under indictment. De los Reyes does not state that charges are imminent but proposes urgency stemming from a special agent contacting him in October 2023 requesting an interview about the allegations. [Doc. 82, p. 2]; [Doc. 87, p. 2]. He also cites investigators taking Plaintiffs' statements and co-defendant Meghan de los Reyes' producing a redacted investigative report to support the threat of charges looming. [Doc. 96, p. 3, 4]. He further argues that the Attorney General's refusal to produce an unredacted report and

recordings of Plaintiffs' statements in response to a subpoena shows that the criminal investigation is still active. *Id.* at 4.

De los Reyes' inference that failure to answer the subpoena *ipso facto* demonstrates an active criminal investigation is speculative. Nearly six months have elapsed since the initial request to interview de los Reyes with no clear indication of the investigation progressing toward a formal criminal proceeding. The Court cannot conclude from prosecutorial silence that the criminal investigation remains active nor that charges are imminent. The second factor thus weighs against a stay.

### 3. The third factor disfavors a stay because Plaintiffs have an interest in speedy resolution of this matter.

The third factor weighs in favor of Plaintiffs because they have an interest in expeditiously resolving the matter and would likely be prejudiced by a delay.  Plaintiffs allege that de los Reyes sexually assaulted them while they played basketball for ENMU during the 2021-2022 school year. [Doc. 12, p. 1, 2].  Plaintiffs filed this lawsuit the following year and transferred to other schools. *See id.*  Plaintiffs have a significant, legitimate interest in speedily resolving this matter because most (if not all) continue to play basketball, depend on athletic scholarships to cover tuition funds, and some wish to play professionally. *See* [Doc. 48 ("Motion for Leave to Proceed Pseudonymously") and exhibits]. Drawing out the civil case compromises these interests and disrupts Plaintiffs' prime athletic and academic years.

Practical timing concerns also favor Plaintiffs here. Plaintiffs also have an interest in resolving civil case closer in time to the underlying events while memories are fresh and evidence is readily accessible. Although a stay would preclude Plaintiffs from obtaining the beneficial negative inferences if de los Reyes invokes the Fifth Amendment, their interest in proceeding

expeditiously outweighs the nebulous negative inference benefits. As Judge Yarbrough noted under a similar set of facts:

> Because no criminal case is pending and no information is known as to if and when criminal charges might be filed, resolution of the criminal case is indefinite. What is known, however, is that a criminal case has not even reached the starting line and so the finish line, at best, is far off.

*K.E.*, 2022 WL 3355829, at *7. The same is true here. Without formal charges against de los Reyes, it cannot be said that Plaintiffs' interests are *de minimus* at this point. Thus, the third factor weighs against a stay.

4. **The fourth factor favors a stay because proceeding with the civil case while under criminal investigation burdens de los Reyes.**

The fourth factor weighs in favor of a de los Reyes because proceeding in the civil case while under the threat of potential indictment creates a burden on him. De los Reyes maintains that the active criminal investigation causes "more than hypothetical prejudice," while Plaintiffs label it a "purported" investigation. [Doc. 82, p. 6]; [Doc. 87, p. 6]. Regardless of the status of the investigation, the Court agrees that if de los Reyes is charged with a crime, prejudice follows from his difficult choice to either "waive his Fifth Amendment rights or suffer the negative consequences of Plaintiffs obtaining negative inferences from his invocation of the Fifth Amendment." [Doc. 82, p. 6]. Navigating the appropriate pre-indictment strategy to balance these risks and mitigate potential harm is indeed burdensome to de los Reyes even without a formal criminal proceeding. Thus, the fourth factor favors a stay.

5. **The fifth and sixth factors disfavor a stay because the courts and the public have interests in resolving the civil case in a timely manner.**

The last two factors weigh in favor of Plaintiffs because the interests of the courts and public align with Plaintiffs' interest in expeditiously bringing the case to a close. The public's interest is particularly strong given that the case involves student-athletes on scholarships at a

public university funded largely by taxpayer revenue. Protracted litigation may detract from the public's confidence in such institutions and, potentially, in the legal system. Open-ended delays also burden the court's limited resources and its ability to effectively manage its docket, hindering timely resolutions in this matter and others. These interests "would be undermined by delaying resolution of the civil case until a yet-to-be-filed (and possibly never-to-be-filed) criminal case is resolved." *See K.E.*, 2022 WL 3355829, at *7. Thus, the final two factors disfavor a stay.

IV.   <u>**CONCLUSION AND ORDER**</u>

For the foregoing reasons, the majority of the *Hilda M.* factors weigh against a stay of the civil case. The Court thus finds that a stay of discovery pending conclusion of the criminal investigation into de los Reyes is not warranted at this juncture. However, de los Reyes may re-raise the issue if he is indicted in a formal criminal proceeding.

Therefore, Defendant Glen do los Reyes' Motion for Protective Order [Doc. 64] and Motion for Limited Stay of Discovery [Doc. 82] are hereby **DENIED**.

**IT IS SO ORDERED.**

_____
THE HONORABLE JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE