IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JANE DOE 1, *et al.*,

    Plaintiffs,

v.                                                                                                     Civ. No. 23-362 GBW/JHR

EASTERN NEW MEXICO UNIVERSITY
BOARD OF REGENTS, *et al.*,

    Defendants,

and

FOREMOST INSURANCE COMPANY
GRAND RAPIDS, MICHIGAN,

    Plaintiff-in-Intervention,

v.

MEGHAN DE LOS REYES, *et al.*,

    Defendants-in-Intervention,

and

JANE DOE 1, *et al.*,

    Involuntary Defendants-in-Intervention.

### ORDER RESOLVING REMAINING STATE CLAIMS

THIS MATTER comes before the Court upon a review of the record.  Plaintiffs initiated this action by filing a Complaint for Damages and Jury Demand (*doc. 1*), invoking federal question jurisdiction under 28 U.S.C. § 1331 based on a single federal

1

claim under Title IX against Defendant Eastern New Mexico Board of Regents ("ENMUBOR").  *See doc. 1-1.*  On August 23, 2023, Plaintiffs filed their operative[1] First Amended Complaint ("operative Complaint"), which asserts the same causes of action as the original Complaint.  *Compare doc. 1* (asserting claims for negligence, sexual battery, violations of the New Mexico Human Rights Act, New Mexico Whistleblower Protection Act, and New Mexico Civil Rights Act, invasion of privacy, and discrimination in violation of Title IX), *with doc. 47* (same).  Accordingly, the Court has jurisdiction over Plaintiffs' state law claims solely by virtue of the fact that they are "part of the same controversy under Article III of the United States Constitution" as the Title IX claim over which the Court has original jurisdiction.  28 U.S.C. § 1367(a).

Throughout the course of litigation, several of Plaintiffs' claims have been resolved, either by Court order or by Plaintiffs' concession.  First, on July 18, 2024, the Court dismissed Plaintiffs' claim under the New Mexico Whistleblower Protection Act without prejudice.  *Doc. 160.*  Second, on October 31, 2024, pursuant to the parties' agreement, the Court dismissed Plaintiffs' claim under the New Mexico Civil Rights Act without prejudice, permitting it to be refiled in "any New Mexico State Court of proper venue under the New Mexico Civil Rights Act."  *Doc. 246.*  Third, at a motion hearing held on February 6, 2025, Plaintiffs conceded that the record does not support their

---

[1] Plaintiffs' First Amended Complaint remains operative as the Court has adopted Judge Ritter's PFRD and denied Plaintiffs' most recent motion to amend.  *See docs. 300, 301, 305.*

invasion of privacy claim. *Doc. 296* at 9. Fourth, on March 31, 2025, the Court dismissed Plaintiffs' Title IX claim with prejudice. *Doc. 308*. Accordingly, the only remaining claims are Plaintiffs' state law claims for negligence, sexual battery, and violations of the New Mexico Human Rights Act[2].

The Court declines to exercise its supplemental jurisdiction over Plaintiffs' remaining state law claims. Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction once it has dismissed all claims over which it has original jurisdiction. Here, with the dismissal of Plaintiffs' sole federal claim, the Court finds it appropriate to do so. Indeed, "[w]hen all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Smith v. City of Enid By & Through Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) (citations omitted). In addition, under 28 U.S.C. § 1367(c)(1), a district court may decline to exercise supplemental jurisdiction where the remaining claims raise novel or complex issues of state law. Here, Plaintiffs' state law claims implicate complex issues, including but not limited to the application of various New Mexico

---

[2] The Court initially dismissed Plaintiffs' New Mexico Human Rights Act claim with prejudice by granting Defendant Eastern New Mexico University Board of Regents's ("ENMUBOR") Motion for Judgment on the Pleadings on all Human Rights Act Claims in Count III (*doc. 108*) ("Motion for Judgment on the Pleadings"). *Doc. 159*. However, on March 31, 2025, the Court granted Plaintiffs' Opposed Motion to Reconsider the Memorandum Opinion and Order Granting Eastern New Mexico University Board of Regent's [sic] Motion for Judgement [sic] on the Pleadings on All Human Rights Act Claims in Count III (doc. 299). *See doc. 306*. Upon reconsideration, the Court denied Defendant ENMUBOR's Motion for Judgment on the Pleadings. *See id*. at 3. Accordingly, Plaintiffs' New Mexico Human Rights Act Claim (Count III) remains. *See doc. 47* ¶¶ 121-31.

licensing statutes and their impact on contractual waivers as well as the interpretation of the New Mexico Tort Claims Act's building waiver. Moreover, the Court notes that Plaintiffs' New Mexico Civil Rights Act claim has been dismissed without prejudice for refiling in state court, so a parallel state proceeding may already be pending or imminent. For these reasons, the Court finds it further appropriate to decline supplemental jurisdiction over the remaining state law claims.

**IT IS THEREFORE ORDERED** that Count VI (Invasion of Privacy) of the operative Complaint is hereby DISMISSED WITH PREJUDICE.

**IT IS FURTHER ORDERED THAT** Counts I (Negligence), II (Sexual Battery), and III (Violation of the New Mexico Human Rights Act) of the operative Complaint are hereby DISMISSED WITHOUT PREJUDICE and may be refiled in state court. *See* 28 U.S.C. § 1367(d).

**IT IS FINALLY ORDERED THAT** Defendant Paul Weir's Motion for Summary Judgment on Plaintiffs' Claims Made at Count I of First Amended Complaint (*doc. 171*), Defendant Meghan de los Reyes' Motion for Summary Judgment on Plaintiffs' Claims Made at Count I and Count VI of Plaintiffs' First Amended Complaint (*doc. 173*), Plaintiffs' Motion for Partial Summary Judgment (*doc. 176*), Glen de los Reyes' and Glen de los Reyes d/b/a Glen's Fitness Lab's Motion for Summary Judgment on Jane Doe 1's Claim for Negligence (*doc. 179*), Glen de los Reyes' and Glen de los Reyes d/b/a Glen's Fitness Lab's Motion for Summary Judgment on Jane Doe 2's Claim for Negligence (*doc.*

*182*), Glen de los Reyes' and Glen de los Reyes d/b/a Glen's Fitness Lab's Motion for Summary Judgment on Jane Doe 3's Claim for Negligence (*doc. 184*), and Plaintiffs' Motion for Partial Summary Judgment on Count V of Plaintiffs' First Amended Complaint (*doc. 220*) are DENIED as MOOT.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**